Kilpatrick Estate.

Argued October 1, 1951. Before DREW, C. J., STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*Bresci R. P. Leonard*, with him *Thomas A. Waggoner, Jr., Rahauser, Van der Voort, Royston, Robb &*

*Leonard,* and *Phillips, Waggoner, Phillips & Board,* for appellant.

*Joseph W. Ray, Jr.,* with him *Ray, Coldren & Buck,* for appellee.

OPINION BY MR. JUSTICE LADNER, November 13, 1951:

This is an appeal from the Orphans' Court of Fayette County dismissing appellant's petition praying for a review of a final account filed in the Estate of George W. Kilpatrick, deceased, and confirmed absolutely more than fourteen years prior to the filing of the petition.

The petitioner (appellant) was not a distributee of the balance in the account which he seeks to review nor any party in interest therein. He is the second husband of Gertrude M. Kilpatrick Lare whose first husband was the decedent, George W. Kilpatrick. She was a distributee under the account sought to be reviewed, but is now dead. She was survived by the petitioner (her second husband) and by two brothers and a sister. The petitioner is *not* her personal representative but is the proponent of her alleged will which is being contested. The contest has proceeded to the state where an issue d. v. n. was awarded by this Court May 21, 1945, though for some undisclosed reason has never been tried: see *Lare Will,* 352 Pa. 323, 42 A. 2d 801 (1945).

The personal representative of Gertrude Lare's Estate is the Fidelity Trust Company of Pittsburgh, having been appointed administrator d. b. n. The petition for review discloses that petitioner had previously filed a petition in the Orphans' Court of Allegheny County for a citation to compel the administrator of Mrs. Lare's Estate to apply for a review in this estate (Kilpatrick Estate). That petition was refused after "ex-

tended record of pleadings, conferences and hearings," for the reason that there was no fraud on the part of the accountant,[1] from which order refusing the petition the appellant had appealed to this court but the appeal was discontinued. The petition for review in the instant case further avers that petitioner as surviving husband of Gertrude K. Lare is sole legatee under her contested will and if said will is not upheld, is nevertheless entitled to a surviving spouse share under the intestate laws. It charges also that the accountant whose account is sought to be reviewed had fraudulently failed to account for all the decedent's assets. In the view we take of the standing of the petitioner to ask the relief prayed for, these allegations need not be recited with particularity.

To this petition the respondent accountant filed an answer in the nature of preliminary objections raising the following questions: (1) whether the petitioner had any standing to file the petition for review; (2) whether the finding of the Allegheny County Orphans' Court that there was no fraud and consequent refusal of appellant's application to compel the administrator of Mrs. Lare's estate to ask for a review, was res adjudicata or conclusive on the Fayette County Orphans' Court; (3) whether the petition for review showed on its face such laches as would bar a review.

(1) President Judge Carr, specially presiding in the orphans' court below, so satisfactorily and correctly disposed of the first objection that we adopt with approval that portion of his opinion where he says, ". . . nor in our opinion has the petitioner such status in relation to the Kilpatrick Estate as would entitle him to

---

[1] Section 48 of the Fiduciaries Act of 1917, 20 P.S. Ch. 3, app. 843, has been held to forbid a review after five years except where fraud is shown: *Elkins' Estate*, 325 Pa. 373, 190 A. 650 (1937); *Thorne's Estate*, 344 Pa. 503, 25 A. 2d 811 (1942).

proceed against the executor in his own name. It is true that a successful prosecution of his claim would result in an increase of that estate and hence of the estate of his deceased wife, but her estate is represented by a qualified and acting administrator who alone has the right to sue in its behalf: Borden's Estate, 44 D. & C. 279, 284; Gallagher's Estate, 76 Pa. 296; Merchants-Citizens National Bank, Executor, v. Mauser, et al., 297 Pa. 399; Megarvel's Estate, 349 Pa. 14. The petitioner himself is obviously not a party interested in the Kilpatrick Estate within the meaning of the statute; his interest is only in that of his deceased wife: Brooke's Estate, 11 W.N.C. 124, 14 Phila. 325. It is well settled that one having no direct interest in an estate cannot demand an account, or, when an account is filed, interfere in its settlement or in any proceeding based upon it: Appeal of Del Valle, 2 Sadler 270, affirming In re Del Valle's Estate, 17 W.N.C. 30; and cases cited above."

To this may be added that orderly procedure requires a strict adherence to the rule for only the *personal representative* of a deceased party in interest stands in the shoes of such decedent. Legatees, spouses or next of kin of that decedent really have no such interest as Section 48 of the Fiduciaries Act of 1917 (20 PS ch. 3, app. 843) requires until by an accounting it is shown that all creditors or those having a prior claim have been satisfied and the distributees' rights fixed. To hold otherwise would impose on the court a preliminary or collateral inquiry as to whether the petitioner has in fact a possible interest as distributee that would be enlarged by any additional sum brought into the other estate by successful maintenance of the review.

We do not agree with the argument of the learned counsel for the appellant that we should apply to the

phrase "by any party interested therein" in Section 48 of the Fiduciaries Act of 1917 the same definition as that contained in Section 17 of the Orphans' Court Act of 1917 (20 P.S. 2331) which reads, "On petition to the court of any person interested, whether such interest be immediate or remote." An all sufficient reason is that these two acts, though in pari materia, are providing for different things. Section 17 of the Orphans' Court Act, set forth at the beginning of that section immediately preceding the above quoted portion, provides for "the manner of proceeding in the orphans' court to obtain the appearance of a person amenable to its jurisdiction, and the procedure in default of appearance." Obviously a totally different matter from a review under Section 48 of the Fiduciaries' Act of an accounting already in the court. Had the legislature meant in the latter proceeding to permit anyone having a remote interest therein to have this special right, it would no doubt have said so. If anything, Section 17 proves the very contrary to counsel's contention, for it shows the learned commissioners who drafted those acts knew how to provide for remote interests when they wished to.

(2) The learned court below also held that the judgment of the Allegheny County Orphans' Court was conclusive and res adjudicata. With this ruling, however, we cannot agree. For neither parties nor the estates were the same. The proceeding in Allegheny County was between Marcellus Lare claiming as spouse of his wife's estate or as legatee under her will and the administrator of that (Lare) estate. There he sought an order on the administrator to compel it to apply for a review of an accounting in the estate now before us, viz., the Kilpatrick Estate, in the Orphans' Court of Fayette County. The parties in the instant case are Marcellus R. Lare, Jr. and the executor and accountant of the Kilpatrick Estate.

Even though the *Allegheny County Court* based its refusal to direct a review on a finding after hearing, that there was no such fraud as would warrant a review, this finding is not conclusive, nor res adjudicata of the matter in the *Fayette County Court*. The right, power, and jurisdiction to grant a review is exclusively in the Orphans' Court *wherein the account sought to be reviewed was filed and confirmed*. That court cannot abnegate its jurisdiction or surrender its power to a court of another county which it would be doing if compelled to accept findings of such court made in a collateral proceeding and in another estate.

(3) The court below did not find it necessary to consider the objection of laches, nor do we, in the view we have taken of the case. We approve the dismissal by the court below of the petition for review because of lack of petitioner's standing to file the same.

The decree of the court below is affirmed at appellant's costs.