## Flick Estate

*Henry L. Menin*, of *Menin, Flick, Josel & Barrish*, for accountants.
*S. Stokes Adams, III*, for legatee.
*Peter C. Paul*, for prospective defendant.

TAXIS, *P. J.*, June 12, 1974—Objector is the legatee of a business owned by decedent at his death. She claims that the value of her legacy is seriously diminished because of alleged unfair competition by Harry C. Lucas, Jr., a former business associate of decedent in a corporation known as Quaker Products, Inc., who had also been involved in the operation of the business given to objector. Objector desires that the executors bring an action against Lucas but, after investigation, the executors have declined to do so. Objector requests us to direct the executors to bring and prosecute such an action.

Both sides have briefed and argued many of the facts relating to Lucas' conduct, but his liability is not to be adjudicated here. Our only duty is to determine whether objector has a right to have the suit brought, and we are satisfied that there is sufficient color to her claim to justify such action. She cannot do so herself in her individual capacity (Kilpatrick Estate, 368 Pa. 399, 84 A. 2d 339 (1951)), since the executors alone have the right to sue on behalf of the estate. We must either direct the executors to bring the suit (Kyler's Estate, 75 Pa. Superior Ct. 422 (1921)), or authorize the beneficiary to sue in their name. The latter course is most often followed where the personal representative must also be a defendant (Megargel Estate, 349 Pa. 14, 36 A. 2d 319 (1944)), but it is permissible under other circumstances as well. See Trumbower v. Wismer, 70 Montg. 33 (1953).

In Gongaware's Estate, 265 Pa. 512, 109 Atl. 276 (1920), the administratrix mistakenly believed that

certain promissory notes held by decedent had been paid, and returned them to the maker. Beneficiaries of the estate attempted to surcharge her but, at page 518, the court said that the proper result would be reached "by requiring appellant [administratrix] to forthwith sue the maker and faithfully prosecute the suit, or to give to appellees the right so to do in her name as administratrix, and it is therefore so ordered."

Under present circumstances, where the legatee alone would be benefitted by any recovery and where the executors apparently believe that suit should not be brought, it is more appropriate to allow objector to proceed against Lucas, if she desires, in the name of the executors.

## ORDER

Accordingly, June 12, 1974, it is ordered and decreed that objector, Kathryn S. Bergey, is authorized as trustee ad litem to bring an action in the name of the executors of this estate against Harry C. Lucas, Jr., with the same rights, force and effect as if the executors, as shareholders of Quaker Products, Inc., were plaintiffs.