## Warner Estate

*Joseph C. Bright, Jr.,* for petitioners.
*Jerome Apfel,* for respondent.
*George S. Forde,* for Catholic Charities of the Archdiocese of Philadelphia.

WOOD, *J.,* February 23, 1982—This case involves a dispute between the several beneficiaries under the will of E. Bisbee Warner, deceased, and

Pamela B. Warner, respondent, the executrix of the estate and widow of the deceased, over the ownership of property valued at approximately $2,000,000. Diane W. McKee, one of four children adopted by decedent and his first wife, has petitioned this court asking leave to bring suit against Pamela Warner in the name of the estate to recover the aforementioned property, which is alleged to belong to the estate and which Pamela Warner apparently received and treated as her own prior to Bisbee's death.

Petitioner also requests that Pamela B. Warner be required to post security with the court in the amount of $2,000,000.

The facts as alleged in the petition are as follows:

Decedent died on June 25, 1981, leaving a will dated March 18, 1977 and a first codicil thereto dated January 30, 1979. The will directed that the estate be divided in two parts. The income from the first part was to be paid to decedent's four children and their issue until the death of the last survivor of the children. The principal then was to be added to the principal of a trust composed of the second part of the estate. The income from that trust was to be paid in perpetuity to the Catholic Charities of the Archdiocese of Philadelphia. The will did not mention respondent and the only mention of her in the codicil was to name her as an alternate personal representative to the estate. The first named executor and trustee, John Burton Warner, renounced his right to serve in that capacity. On November 30, 1981, respondent qualified as executrix and letters testamentary were issued to her by the Register of Wills of Chester County.

A few years before his death, decedent became seriously ill and was hospitalized. During the period of his hospitalization and recovery, respondent had

served as decedent's nurse. On February 4, 1979, he married her. He was 88 at the time, and she, 28. During the approximately two-year duration of the marriage, virtually all the assets of decedent were transferred to respondent. Petitioner contends that all the transferred property rightfully belongs to decedent's estate. Since the executrix will not bring an action against herself to recover those assets, petitioner, joined by decedent's other three children, Catholic Charities, and the Commonwealth, seeks to have herself appointed as a special representative to bring a suit against respondent to recover the property that was allegedly wrongfully transferred.

Respondent has filed preliminary objections asking us to dismiss the petition. She claims that if petitioner is aggrieved, she has an adequate remedy which may be pursued in the orphans' court, in that she may raise appropriate objections to the inventory which has been filed by respondent in her capacity as executrix of the estate. We agree.

In Yohn Estate, Chester County O.C., 30 Fidu. Rep. 393 (1980), the orphans' court of this county had before it a petition to remove the executrix-widow, who claimed certain of decedent's assets as surviving tenant by the entireties, under circumstances which also amounted to transfers or claimed transfers shortly prior to death. Judge Satterthwaite, speaking for this court, held that the fact that the widow either owned or claimed assets which decedent's children wanted to be included as part of the estate did not necessarily disqualify her as executrix. Citing In re Hamill, 487 Pa. 592, 410 A.2d 770 (1980), the court stated:

"Notwithstanding the factual conflict of interest thereby appearing, the drastic action of removal of a fiduciary chosen by the testator himself should be taken only when the estate is endangered and inter-

vention is necessary to protect the assets thereof." Id. at 398. Since the issues between the parties were clear and there was no evidence of mismanagement or prejudice to the estate's interests, the court held that the merits of such claims should be reached on audit of the account.

We think Yohn controls the present case. Although this is not technically a petition for removal, the practical effect of the relief sought is the same. Moreover, the relief sought in the proposed suit in equity could just as easily be granted by the orphans' court following objections to the inventory if petitioner's claim is found to be meritorious. See Probate, Estates and Fiduciaries Code §3305; 20 Pa.C.S. §3305. Since petitioner has an adequate remedy in the orphans' court by raising appropriate objections to the inventory, we ought not create additional avenues for relief in the absence of express statutory authority or clear need.

As authority for bringing the proposed suit, petitioner cites Megargel Estate, 349 Pa. 14, 36 A.2d 319 (1944), and Craig Estate, 379 Pa. 157, 109 A.2d 190 (1954), which both state in dictum that "[I]nterested parties may, upon application to the court, use the name of the fiduciary in proceedings against such fiduciary." The origin of that principal is Gongaware's Estate, 265 Pa. 512, 109 Atl. 276 (1920). What Gongaware stands for, however, is far afield from what petitioner asks us to permit here. In Gongaware, the administratrix, in good faith, surrendered notes in decedent's possession to the obligor, believing they had been paid in full, when in fact they were probably still due. The court held that rather than surcharge her at that point, she would be given the opportunity either to bring an action against the obligor or to allow the objectors to do so in the fiduciary's name. We do not view either

Megargel, Craig or Gongaware as authority for granting the petition to bring suit against the executrix here.

Respondent has also filed preliminary objections to petitioner's request for a $2,000,000 bond. Petitioner has brought nothing to our attention that would require the posting of the requested bond. Moreover, as an after-married spouse, respondent is entitled to at least one-half of decedent's estate. 20 Pa.C.S. §2507(3). Finally, and of most importance, the codicil of January 30, 1979 provides that "[n]o executor or trustee shall be required to give bond." We therefore sustain the preliminary objections to the request to post bond.

### ORDER

And now, this February 23, 1982, upon consideration of briefs and after argument, respondent's preliminary objections are sustained and the petition of Diane W. McKee is dismissed.