Charles A. BAIRD

v.

The MARLEY COMPANY and The Marley Cooling Tower Company.

Civ. A. No. 80–1973.

United States District Court,
E. D. Pennsylvania.

March 18, 1982.

· Donald E. Funk, Philadelphia, Pa., William K. Dickey, Collingswood, N.J., for plaintiff.

William T. Campbell, Jr., Frederick C. Fletcher, II, Swartz, Campbell & Detweiler, Philadelphia, Pa., for defendants.

MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Defendants, the Marley Company and the Marley Cooling Tower Company, have filed a motion for summary judgment in this action, asserting that plaintiff's cause of action for breach of an unwritten employment contract is barred by the applicable statute of limitations. For the reasons set forth below, this Court has determined that defendants' motion for summary judgment must be denied.

Although the parties may be in disagreement as to a number of the facts, none of the disputed facts are material to the issue presented by the defendants' motion. In other words, there is no genuine issue as to any material fact necessary for the determination of this motion. In considering the defendants' motion, the Court has viewed the inferences to be drawn from the undisputed facts submitted to the Court in the light most favorable to the party opposing the motion, plaintiff Charles A. Baird. *See Anthony v. Ryder Truck Lines, Inc.*, 611 F.2d 944, 947 (3d Cir. 1979); *Drexel v. Union Prescription Centers, Inc.*, 582 F.2d 781, 790 (3d Cir. 1978).

Beginning on September 1, 1964, Mr. Baird was employed as a salesman for the Marley Company at its Philadelphia, Penn-

sylvania office. On May 1, 1975, Mr. Baird began working for an affiliated company, Marley Cooling Tower Company (Marley Cooling) and remained an employee of Marley Cooling until December 31, 1977. On or before March 3, 1976, Mr. Baird became aware that effective May 1, 1976, the commission schedule paid to all salesmen by Marley Cooling would be changed by increasing the base salary paid to salesmen and reducing the commissions paid on sales. The reduced commission rate was applied to sales made prior to May 1, 1976 for both the Marley Company and Marley Cooling, as well as to sales made after May 1, 1976. Mr. Baird alleges that as a result of the application of the new commission rate to the sales he made before May 1, 1976 his compensation has been wrongfully diminished in excess of $16,500.00 and that the application of the new commission rate to sales he made before May 1, 1976 contravenes an oral contract of employment with the defendants which was subject to certain written guidelines contained in a document attached by Mr. Baird to his memorandum and entitled Confidential Discount and Commission Schedule—Marley Salesmen.

Both parties agree that the statute of limitations applicable to the instant action is 42 Pa.Con.Stat.Ann. § 5525 which provides in part:

> The following actions and proceedings must be commenced within four years:
> (1) . . .
> (2) . . .
> (3) An action upon an express contract not founded upon an instrument in writing.
> (4) . . .

Defendants assert that Mr. Baird's cause of action accrued the day the new commission schedule became effective, May 1, 1976 and that this action, which was filed on May 22, 1980, is barred by the four year statute of limitations. In further support of their position, the defendants have attached to their memorandum a copy of a letter from Mr. Baird showing that he had notice that the new commission rate would be effective as of May 1, 1976.

In determining when a cause of action accrues for purposes of the statute of limitations in matters arising under State law, the federal court must look to the State law. *Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949); *Daniels v. Beryllium Corporation*, 227 F.Supp. 591 (E.D.Pa.1964); *Carney v. Barnett*, 278 F.Supp. 572 (E.D.Pa. 1967). Under Pennsylvania law, in an action for breach of contract the statute of limitations begins to run from the time of the breach. *See In Re Dixon Estates*, 233 A.2d 242, 426 Pa. 561 (1967); *A. J. Aberman, Inc. v. Funk Building Corp.*, 278 Pa. Super. 385, 420 A.2d 594 (1980).

Although the defendants' notice to Mr. Baird that the lower commission rate would become effective May 1, 1976 on sales previously made by him may have constituted an *anticipatory* breach of the alleged oral contract, "If no action on an anticipatory breach is brought before the time fixed by the contract for the beginning of performance by the party who has committed such a breach, the period of the Statute of Limitations begins to run only from the time so fixed by the contract." Restatement of Contracts §§ 322, 318. Mr. Baird has filed an affidavit in which he states that all payments received by him which were based on the lower commission schedule were received by him after May 31, 1976; a fact which the defendants do not contest. Therefore, the alleged breach in this case clearly occurred after May 31, 1976 and Mr. Baird's commencement of this action on May 22, 1980 was within the applicable limitations period.

Accordingly, the Court will enter an Order denying the motion of defendants, The Marley Company and The Marley Cooling Tower Company, for summary judgment.