**GAI Consultants, Inc. v. Homestead Borough**

C.P. of Allegheny County, Nos. GD 12-9262 and 12-1218; 892 CD 2014

*Noah P. Fardo, Donald C. Fetzko, Stanley B. Lederman* and *Andrew F. Szefi*, for plaintiff.

*Joseph G. Heminger, William G. Merchant, Gregory Evashavik*, and *Bernard M. Schneider*, for defendant.

HERTZBERG, *J.*, July 23, 2014—

## I. Introduction

Homestead Borough has appealed to the Commonwealth Court of Pennsylvania from my orders that direct the Redevelopment Authority of Allegheny County to pay reimbursements to other defendants from property taxes collected by the Waterfont Tax

Increment Financing District. The primary basis for the appeal is Homestead Borough's contention that the statute of limitations bars the reimbursement claims. This opinion provides the reasons the claims are not barred by the statute of limitations and are otherwise valid. *See* Pa.R.A.P. No. 1925(a).

## II. Factual Background

The Redevelopment Authority of Allegheny County ("RAAC") led an effort to redevelop a 266 acre "brownfield" site along the Monongahela River that once served as the steel mill known as "Homestead Works." The RAAC proposed the use of "tax increment financing"[1] to fund construction of roads and utilities in the new

---

1. *See* 53 P.S. §6930.2(b).

development. In September of 1998 Homestead, Munhall and West Homestead Boroughs, Allegheny County, Steel Valley School District, Waterfront Partners, LLC and RAAC signed the Waterfront Tax Increment Financing District Agreement. They agreed that the increase in property taxes from the new development would first pay bonds issued by the RAAC for the construction costs of the roads and utilities, with the Boroughs, the School District and County receiving the remaining balance. "The Waterfront" development of retail, office and residential buildings happened quickly, and annual property tax revenues in the amount of $564,193 in 1998 increased to $3,406,147 in 2001, to $6,982,725 in 2004 and to $8,044,707 in 2012. *See* trial exhibit RAAC no. 5.

The dispute in the subject proceedings arises from this provision in the September, 1998 Waterfront Tax Increment Financing ("TIF") District Agreement:

Section 13. Tax appeals. If at any time the Bank receives moneys which are required to be refunded to the taxpayer of the Pledged Parcels as the result of an assessment appeal or otherwise, the Authority will cause such moneys to be paid to or at the direction of the appropriate Taxing Body[2]. Refunds shall be made in the reverse order of priority as that set forth in Section 6.

Trial exhibit Steel Valley School District no. 1, p. 11.

RAAC interpreted this provision inconsistently,

---

2. The September, 1998 agreement also provides that all real estate taxes collected from the 266 acre former Homestead Works tract or "Pledged Parcels" would be deposited into the "Bank" designated by "the Authority" (RAAC is referred to in the agreement as "the Authority").

deciding to pay assessment appeal refunds in 2001 from the "TIF Fund,"[3] but having those in 2004 paid by the Boroughs, School District and County, with those in 2005 and 2006 again paid from the TIF Fund, but those in 2007, 2008, 2009 and 2010 paid by the Boroughs, School District and County. *See* trial exhibit RAAC no. 5. RAAC did not notify the Boroughs, the School District the County or their tax collectors of the interpretation variations.

## III. Procedural Background

In January of 2012 Steel Valley School District filed a complaint for declaratory judgment motivated by RAAC's 2011 refusal to pay a refund to GAI Consultants, Inc. from the TIF Fund. *See* docket no. GD 12-001218. Steel Valley School District requested that this court declare RAAC contractually obligated to pay tax assessment appeal refunds from the TIF Fund. All the other parties to the September, 1998 TIF Agreement were named as defendants. In May of 2012 GAI Consultants sued Homestead Borough[4] for failing to pay the tax assessment appeal refund, even though both Steel Valley School District and Allegheny County had paid refunds to GAI. *See* docket no. GD 12-009262. Homestead Borough joined RAAC as an additional defendant alleging RAAC breached section 13 of the TIF Agreement by not paying the refund to GAI Consultants, Inc. from the TIF Fund. I consolidated the proceedings filed by Steel Valley School District and GAI Consultants, Inc. into one proceeding and

3. Section 5 of the September, 1998 agreement defines the "TIF Fund" to mean all property tax revenue from the 266 acre former Homestead Works tract.

4. Initially GAI filed a complaint for mandamus naming Homestead Borough's manager the defendant, but after preliminary objections were filed, GAI filed an amended complaint for breach of contract against Homestead Borough.

presided over the non-jury trial of the dispute on February, 18, 2014.

I signed orders: on February 19, 2014 declaring RAAC contractually obligated to pay tax assessment appeal refunds from the TIF Fund; on February 25, 2014 ruling that the statute of limitations is not a defense to Munhall Borough's tax assessment appeal refund claims dating from 2001; and, on March 11, 2014 ruling that the statute of limitations is not a defense to Steel Valley School District's tax assessment appeal refund claims dating from 2002 or to Allegheny County's tax assessment appeal refund claims dating from 2001.

Homestead Borough filed a motion for post trial relief in which it contended that the statute of limitations prevents Munhall Borough, Allegheny County and Steel Valley School District from making claims to refunds from assessment appeals finalized before 2010. I denied Homestead Borough's motion for post trial relief, and Homestead Borough filed a notice of appeal to Commonwealth Court and a concise statement of errors complained of on appeal.

## IV. Statute of Limitations

Clearly Munhall Borough, Allegheny County and Steel Valley School District's reimbursement claims are premised on the September, 1998 TIF Agreement. Pennsylvania has a statute of limitations that requires lawsuits upon a contract to be commenced within four years. 42 Pa.C.S.§5525(a). Homestead contends that the statute of limitations begins to run at the time of the breach of contract. *See In re Estate of Dixon*, 426 Pa. 561, 233 A.2d 242 (1967). Homestead further contends the breach by RAAC occurred when the taxing bodies were ordered

to pay a refund, but because Munhall Borough, Allegheny County and Steel Valley School District did not file claims against RAAC until 2014, the statute of limitations expired as to the reimbursement claims ordered before 2010.

I rejected Homestead Borough's argument because I found the TIF Agreement is a "continuing" contract, which means the statute of limitations does not begin to run until termination of the contractual relationship. *See Thorpe v. Schoenbrun*, 202 Pa. Super. 375, 195 A.2d 870 (1963). All parties acknowledge that, with RAAC's bond debt being satisfied no earlier than 2018, the TIF Agreement has not terminated and in fact will remain in effect an additional four or five years. Non-jury trial transcript 2/18/2014 ("T." hereafter), pp. 39 and 73; TIF Agreement, exhibit C. Hence, the contractual relationship has not terminated and the statute of limitation has not begun to run.

"The test of continuity, so as to take the cause out of the operation of the statute of limitations, is to be determined by the answer to the question whether the services were performed under one continuous contract, whether express or implied, with no definite time fixed for payment, or were rendered under several separate contracts." *Thorpe v. Schoenbrun*, 202 Pa. Super 375, 378, 195 A.2d 870, 872. A review of the facts and the court's reasoning in *Thorpe v. Schoenbrun* helps illustrate this "test of continuity." With a six year statute of limitations then in effect, ophthalmologic doctor Thorpe sued his patient in July of 1960 for bills owed for services rendered between July of 1952 and July of 1954, including cataract surgery in April of 1953. The court referenced evidence that all services were interdependent to reason that it was a contract that continued until the doctor-patient relationship terminated in July of 1954, with the services rendered more than six

years before suit was filed therefore not subject to the statute of limitations.[5]

Under the *Thorpe v. Schoenbrun* test, in these proceedings the TIF Agreement expresses in writing that services by RAAC are "performed under one continuous contract...." Furthermore, under *Thorpe v. Schoenbrun*, the TIF Agreement has "no definite time fixed for payment..." Section 13 of the TIF Agreement instead references the indefinite time for payment to be whenever "moneys are required to be refunded to the taxpayer of the Pledged Parcels as the result of an assessment appeal...." In addition, there is no due date or deadline for when RAAC "will cause such moneys to be paid to or at the direction of the appropriate Taxing Body." Thus, the TIF Agreement meets the test for a continuing contract, and since the contractual relationship will not terminate until four or five years in the future, the reimbursement claims of Munhall Borough, Allegheny County and Steel Valley School District dating from 2001 are not barred by the four year statute of limitations.

## V. Waiver

Homestead Borough also argues that Munhall Borough, Allegheny County and Steel Valley School District waived their claims for reimbursement of refund payments they

---

5. Other cases that illustrate the effect of the continuing contract rule on the statute of limitations include *Tenny v. Dauphin Deposit Bank & Trust Co.*, 302 Pa. Super. 342, 448 A.2d 1073 (1982) (reversing summary judgment because question of fact existed on whether the statute of limitations began running when the bank breached its agreement to provide sufficient loan funds or instead at the end of the bank-customer relationship) and *Miller v. Miller*, 2009 Pa. Super 197, 983 A.2d 736 (statute of limitations on husband's breach of agreement to pay mortgage, taxes and insurance on marital residence did not begin when each payment was missed, therefore wife's reimbursement claims for payments due more than four years before she petitioned for enforcement were valid).

made before 2010 "due to failure to aver the claims...in their pleadings and pretrial statements." Concise statement of errors complained of on appeal, ¶ no. 2 (g). Because Munhall Borough filed new matter on July 18, 2013 that specified its reimbursement request relative to the 1999, 2005 and 2009 refunds, there is no basis for this argument as to Munhall Borough. In fact, eight days before trial Homestead Borough served a motion in limine arguing Munhall Borough's reimbursement claims were barred by the statute of limitations. With respect to Allegheny County and Steel Valley School District, it may be argued that their pleadings are too vague for Homestead Borough to have been on notice of the claims for reimbursement relating to refunds made before 2010. However, when Allegheny County and Steel Valley School District's counsel asserted these claims at trial, Homestead Borough did not object or mention that they were not averred in the pleadings and pretrial statements. T., pp 53-61 and 146-148. The ironic result is that Homestead Borough's argument of waiver is therefore waived. *See* Pa. R.C.P. No. 227.1(b). In any event, Homestead Borough fails to demonstrate how the alleged failure to make the claims by pleading and pretrial statement prejudiced it. Homestead Borough adequately argued the same statute of limitations defense that applied to the reimbursement claims of not only Munhall Borough, but also to those of Allegheny County and Steel Valley School District. The statute of limitations is the only defense heretofore raised by Homestead Borough, and it would be an unnecessary delay and expense to have a new trial and/or another lawsuit with Homestead Borough making the same argument. *See* Pa. R.C.P. No. 126.[6]

---

6. Homestead Borough also argues I made an error by denying its motion to strike Allegheny County's answer to the complaint. Homestead Borough asked me to strike this answer because it was not filed of

record until after the trial. However, it was served on Homestead Borough two weeks before the trial. Hence, Homestead Borough was not prejudiced. *See* Pa.R.C.P. No. 126.