J-S08009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: ROBERT L. REICHLE, AS POWER OF ATTORNEY FOR EMILY REICHLE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MARY JUANITA LIPTAK, A/K/A JUANITA LIPTAK, PETITIONER | |
| APPEAL OF: ROBERT L. REICHLE | No. 802 WDA 2015 |

Appeal from the Order Entered January 16, 2015
In the Court of Common Pleas of Allegheny  County
Orphans' Court at No: 2706 of 2013

BEFORE:  STABILE, DUBOW, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                **FILED AUGUST 24, 2016**

Appellant, Robert L. Reichle, appeals *pro se* from the order entered in the Court of Common Pleas of Allegheny County dismissing exceptions to the imposition of a surcharge on him in the amount of $497,215.11.   Upon review, we affirm.

In its Pa.R.A.P. 1925(a) opinion, the trial court summarized the facts of this case as follows.

> On February 2, 2005, Emily Reichle executed a Power of Attorney (hereinafter "POA") granting respondent, her son, Robert L. Reichle (hereinafter "Appellant") the power to act as her agent in fact.  On April 29, 2013, Petitioner Mary Juanita Liptak [(hereinafter "Appellee")], daughter of Emily Reichle, filed a Petition for Citation for Rule to Show Cause as to Why the Power of Attorney Should Not File an Account Pursuant to 20 Pa.C.S.A. § 5610, requesting that this [c]ourt compel Agent to file an accounting.  On May 16, 2013, this [c]ourt entered an Order directing Agent to file an account.  The Appellant failed to

comply with this [c]ourt's Order to file an account, until sanctions were imposed, fines had accumulated and incarceration was threatened. The Appellant belatedly filed his account on January 2, 2014. [Appellee] filed objections to the account.

An Audit was held on February 18, 2014, and the objections to the Account were placed on the record. The matter preceded to trial before this [c]ourt on September 22, 2014, and was continued to October 28, 2014, and concluded on October 29, 2014. On January 1[6], 2015, this [c]ourt entered an Opinion and Order of [c]ourt, imposing surcharge of $497,215.11 on Appellant.

Appellant filed timely Exceptions on February [3], 2015. Argument was heard in open court on April 28, 2015, and the Exceptions were denied on [May 6], 2015. On May 20, 2015, Appellant filed an appeal from this [c]ourt's Order [docketed May 6], 2015, which had denied Appellant's exceptions to this [c]ourt's Order of January 1[6], 2015.

This [c]ourt [o]rdered Appellant to file a 1925(b) statement of errors complained of on appeal. The Appellant filed his 1925(b) statement on June 4, 2015.

Trial Court Opinion (T.C.O.), 7/1/15, at 1-2.

Appellant raises two issues for our review:

1. Did the trial court commit an abuse of discretion and err as a matter of law in failing to deny standing to Mary Juanita Liptak, sister of the Appellant?

2. Did the lower court commit an abuse of discretion and err as a matter of law in failing to recognize that the Statute of Limitations was a bar to any relief claimed by Mary Juanita Liptak, sister of the Appellant?

Appellant's Brief at 8.

Our standard of review regarding Appellant's issues is well settled.

The findings of a judge of the orphans' court division, sitting without a jury, must be accorded the same weight and

- 2 -

effect as the verdict of a jury, and will not be reversed by an appellate court in the absence of an abuse of discretion or a lack of evidentiary support.

This rule is particularly applicable to findings of fact which are predicated upon the credibility of the witnesses, whom the judge has had the opportunity to hear and observe, and upon the weight given to their testimony. In reviewing the Orphans' Court's findings, our task is to ensure that the record is free from legal error and to determine if the Orphans' Court's findings are supported by competent and adequate evidence and are not predicated upon capricious disbelief of competent and credible evidence. However, we are not limited when we review the legal conclusions that the Orphans' Court has derived from those facts.

*In re Estate of Schultheis*, 747 A.2d 918, 922 (Pa. Super. 2000) (quoting

*In re Estate of Rider*, 711 A.2d 1018, 1020 (Pa. Super. 1998).

Appellant first claims Appellee did not have standing to bring an action to compel him to file an account under 20 Pa.C.S.A. § 5610. Appellant, citing *In re Kilpatrick's Estate*, 84 A.2d 339 (Pa. 1951), argues it is established that "only the personal representative of a deceased party in interest stands in the shoes of such decedent. ***Legatees, spouses or next of kin of that decedent really have no such interest.***" Appellant's Brief at 16 (citation omitted) (emphasis added by Appellant). Appellant's reliance on *Kilpatrick's Estate* is misplaced. In *Kilpatrick's Estate*, the appellant requested review of a confirmed final account for an estate.[1] *Kilpatrick's*

_____

[1] The estate belonged to the appellant's deceased wife's deceased first husband. Our Supreme Court determined that, while the appellant's wife was a distributee of the balance of her first husband's account, the appellant was not and did not have a direct interest in it. As such, our Supreme Court
*(Footnote Continued Next Page)*

*Estate*, 84 A.2d at 339.  Here, we are not dealing with an estate, but rather with the filing of an account under a power of attorney that was ordered by a court pursuant to Section 5610.  As such, *Kilpatrick's Estate* is inapposite to Appellant's first issue.

Nonetheless, Appellant argues that Appellee does not have standing because "at no time did [Appellee] infuse any dollar amount of money into the corpus of the assets managed by her brother.  As such, *she has and had no beneficial interest in those assets*."  Appellant's Brief at 17 (emphasis in original).  Appellant argues that while 20 Pa.C.S.A. § 5610 provides that an agent must file an account whenever directed to do so by the court, only the principal, or principal's agent, may ask the court to do so.[2]  *Id.*  We disagree.

Pursuant to Section 5610, "[a]n agent shall file an account of his administration whenever directed to do so by the court and may file an account at any other time."  20 Pa.C.S.A. § 5610.  Accordingly, as the trial court notes, by the plain text of Section 5610, the trial court had statutory

_____
*(Footnote Continued)*

determined that the appellant did not have standing to sue his wife's first husband's estate on behalf of his deceased wife.  *Id.* at 340.

[2] Although not in effect at the time the instant appeal was filed, Appellant cites 20 Pa.C.S.A. 5601.3(d)(1) to support his argument that only the principal may compel him to file an account.  Appellant ignores that this statute also permits a court to order disclosure by an agent. 20 Pa.C.S.A. 5601.3(d)(1) ("Except as otherwise provided in the power of attorney, an agent shall not be required to disclose receipts, disbursements . . . unless ordered by a court or requested by the principal . . .").

authority to independently order Appellant to file an account that was not dependent upon the standing of Appellee. Although Appellee brought the matter to the trial court's attention, Appellant was required to file an account because he was ordered to do so by the trial court. Appellant, therefore, is not entitled to relief on his first issue.

With respect to Appellant's second issue, he argues that Appellee was barred from requesting that Appellant file an account for the period of time prior to April 13, 2011 by the two-year statute of limitations for breach of fiduciary duty and taking of property under 42 Pa.C.S.A. § 5524. Appellant's Brief at 18. In support thereof, Appellant contends the petitioner had retained the services of counsel as early as May 28, 2008 for purposes of seeking an accounting. Yet, Appellant maintains petitioner took no action to compel an accounting or institute any action against him for more than five years after that date until April 13, 2013, when she initiated the present action by the filing of her petition for a rule to show cause why an account should not be filed by Appellant as the agent in fact for his mother. Additionally, since petitioner was aware as early as 2008 that Appellant may have committed some wrongdoing, Appellant maintains that the discovery rule cannot operate here to toll the running of the statute of limitations. Again, we disagree.

Assuming without deciding for the moment whether the two-year statute of limitations applies to the claims upon which the orphans court imposed a surcharge upon Appellant for transactions he conducted under the

POA,[3] ***see In re Estate of Moskowitz***, 115 A.3d 372 (Pa. Super. 2015), Appellant's argument misses the mark by focusing upon the petitioner's knowledge. Under 20 Pa. C.S.A. § 5601(e), "an agent acting under a power of attorney has a fiduciary relationship with the principal." Since Appellant's duty ran to the principal, it was the principal's knowledge that should have been the focus on the applicability of the discovery rule as to any statute of limitations question for breach of fiduciary duty. Here, Appellant focused not upon the principal, but upon the petitioner to whom he owed no fiduciary duty under the power of attorney. Since the principal is now dead, and there is nothing in the record before us to suggest that the principal had any knowledge of Appellant's wrongful acts before she died, Appellant cannot sustain his burden of proving that any of the surcharge claims imposed upon him are barred by any applicable statute of limitations.[4]

As Appellant is not entitled to relief on either of his issues, we affirm the order of the trial court dismissing Appellant's exceptions.

Order affirmed.

---

[3] Personal representatives acting under a will and trustees acting under a trust remain liable for all distributions made by them until court confirmation of an account. ***See*** 20 Pa. C.S.A. §§ 3533, 7799.2. No similar statutory provisions pertain to agents acting under a power of attorney. In the absence of any statutory provisions pertaining to powers of attorney, principles of law and equity apply. 20 Pa. C.S.A. § 5612.

[4] In light of our disposition on the statute of limitations issue, we need not address Appellant's argument that the trial court improperly looked to the doctrine of laches in denying his exceptions.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/24/2016