368 A.2d 825

**Chester SOBOL and Dolores M. Sobol, his wife, Appellants,**

**v.**

**WILL ALLEN BUILDERS, INC.**

Superior Court of Pennsylvania.

Argued March 19, 1976.

Decided Dec. 15, 1976.

Wesley M. Wasylik, Bethlehem, for appellants.

No appearance entered nor brief submitted for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This is an appeal from an order of the Court of Common Pleas of Northampton County granting appellee's motion for judgment on the pleadings. The sole issue presented in this appeal is whether a prior judgment on a jury verdict in favor of the appellee in an assumpsit action brought by appellee acts as a bar to a separate assumpsit action brought by appellant against appellee, arising out of the same contract, and pending at the time appellee brought its action. Because we agree with appellant that the prior judgment is not a bar to the instant action, we reverse the order of the lower court and remand for a determination of appellant's cause of action on its merits.

Appellants, Chester and Dolores Sobol, filed a complaint on May 3, 1974, in Northampton County in which they alleged that appellee, Will Allen Builders, Inc. failed to backfill a foundation as called for in a contract between the parties. Appellee filed a timely answer and on December 19, 1974, commenced a separate action in Northampton County alleging that appellant breached both the aforementioned contract and an additional work authorization agreement. After appellant filed a timely answer to the second action, the two actions were consolidated and went to trial on January 27, 1975.

After one and one-half days of trial, the trial judge declared a mistrial and appellants herein, the Sobols, petitioned to amend their complaint to conform to the facts. This petition was denied by the court and the Sobols discontinued their initial action.

On May 30, 1975, the action of *Will Allen v. Sobol,* which was not discontinued, went to trial and the jury awarded Will Allen the sum of seven hundred thirty-four dollars ($734.00). Said sum was substantially allocated by the jury for the additional work authorization agreement, but not for the basic work done pursuant to the contract.[1]

On June 9, 1975, appellants, the Sobols, filed a new complaint in assumpsit alleging that appellee "excavated and constructed the aforesaid foundation in an unworkmanlike and unprofessional manner . . . thus making the home uninhabitable." This complaint began the case of *Sobol v. Will Allen* which is now before our court.

On July 1, 1975, appellee filed an answer and new matter and, on August 19, 1975, appellee moved for judgment on the pleadings in the instant case on the theory that the judgment in the case of *Will Allen v. Sobol* was a bar to the current action on grounds of res judicata. On November 17, 1975, Judge Williams granted the motion for judgment on the pleadings and this appeal followed.

In *Martin v. Poole,* 232 Pa.Super. 263, 268, 336 A.2d 363, 366 (1975) this court stated:

"Res judicata literally means a matter adjudged or a thing judicially acted upon or decided. From long usage it has come to encompass generally the effect of one judgment upon a subsequent trial or proceeding.

---

1. In its demand for relief, Will Allen demanded judgment against the Sobols in the amount of $5,734.00. Five thousand one hundred dollars was demanded by reason of the terms of the construction agreement and six hundred thirty-four dollars was demanded by reason of the terms of the additional work authorization. Of the $5,100.00 which Will Allen demanded, one hundred was due upon signing the agreement and five thousand was due upon the excavation and construction of the foundation.

In awarding Will Allen seven hundred thirty-four dollars, the jury specifically allocated six hundred thirty-four dollars of the award to the additional work authorization and one hundred dollars to signing the contract, thereby denying Will Allen recovery for any work done pursuant to the contract.

Two quite distinct aspects are included: first, the effect of a judgment in a subsequent action between the parties based upon *the same cause of action;* second, the effect on the parties in a trial on a *different cause of action."* The first effect is known as merger and bar, "technical" res judicata, or simply "res judicata"; the second is known as collateral estoppel. [Citation omitted.]

In *Stevenson v. Silverman,* 417 Pa. 187, 190, 208 A.2d 786 (1965), *cert. denied,* 382 U.S. 833, 86 S.Ct. 76, 15 L. Ed.2d 76 (1965), our Supreme Court noted that for res judicata to apply, four conditions must coalesce: (1) Identity in the thing sued upon or for; (2) Identity of the cause of action; (3) Identity of persons and parties to the action; (4) Identity of the quality or capacity of the parties suing or sued.

In the case at bar the two suits involved two separate causes of action, even though they arose out of the same transaction, the construction contract. In the *Will Allen v. Sobol* action, appellee sued on the construction contract and an additional work authorization, and the jury did not return a verdict in its favor for work done pursuant to the contract. In the instant action, *Sobol v. Will Allen,* appellants are suing on the construction contract and on a warranty of habitability which is implied by law.

■ Whether appellants, who were defendants in the *Will Allen v. Sobol* action, are precluded from maintaining a separate action based on the same transaction depends on whether the forum hearing the first action has a compulsory counterclaim rule. Unlike Federal Rule of Civil Procedure 13(a), in situations such as the instant case, Pennsylvania does not require a counterclaim. Pa.R.C.P. 1031 provides that "the defendant *may* set forth in the answer under the hearing 'Counterclaim' any cause of action or setoff which he has against the plaintiff at the

time of filing the answer (1) which arises from the same transaction or occurrence or . . . (2) which arises from contract or is quasi-contractual." [Emphasis added.] The effect of this rule is that although he is entitled to set forth a counterclaim in the answer, defendant is not precluded from subsequently maintaining an action against the plaintiff on a cause of action which was permitted as a counterclaim. *Martin v. Poole*, 232 Pa.Super. at 270, 336 A.2d 363. In its opinion the lower court noted that appellants "had the opportunity in the earlier proceeding to place the pleadings in such form as to permit a jury to consider all theories of liability and defense. They declined to do so. The efficient administration of civil and criminal caseloads in this jurisdiction cannot tolerate such indiscriminate practice." While we agree with the trial judge that it is more efficient to try all theories of liability and defense in one action, neither the Pennsylvania Rules of Civil Procedure nor the bar of res judicata require him to do so.

██ As it appears that the instant action is not barred by res judicata, it must be further determined whether the doctrine of collateral estoppel precludes appellant from trying the implied warranty of habitability issue. The doctrine of collateral estoppel stands for the proposition that: "Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action. . . ." *McCarthy v. Township of McCandless*, 7 Pa.Cmwlth. 611, 618–619, 300 A.2d 815, 820 (1973). As noted in the lower court opinion, in the *Will Allen v. Sobol* action, "the jury decided that [Will Allen] was entitled to recover for extras *but not the basic work done under the contract.*" [Emphasis added.] Therefore, the judgment in *Will Allen v. Sobol* cannot bar any further proceeding on the issue of the quality of the work done under the contract, which is precisely the

issue raised in an action based on an implied warranty of habitability.

Since appellant's action is not barred by res judicata, nor is trial on the issue of the alleged breach of an implied warranty of habitability precluded by collateral estoppel, the lower court erred in entering a judgment on the pleadings against appellant.

The order of the lower court is reversed, and the case is remanded for further proceedings, not inconsistent with this opinion.