522 A.2d 531

**PAXTON NATIONAL INSURANCE COMPANY, Appellant,**

v.

**William BRICKAJLIK, ind. t/a Brick's Farm Market, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 20, 1986.

Decided March 11, 1987.

628

John S. Thome, Jr., Doylestown, for appellant.

Nino V. Tinari, Mark D. Muncello, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

We granted the petition for allowance of appeal of Paxton National Insurance Company to consider whether, after an insured refuses to sign a third party complaint, an insurer should be allowed to recover benefits previously paid to the insured under an insurance policy.

The insured is appellee, Mr. William Brickajlik, the owner of a truck which was stolen while in the possession of a service station. Based on a written policy insuring against theft, the insurance company reimbursed Mr. Brickajlik for his loss. The reimbursement was $3,350. The insurance company then attempted to bring a third-party action against the service station, but despite three written requests by the insurance company and similar requests by the insurance company's counsel, Mr. Brickajlik refused to sign the complaint. The insurance company then commenced an action against Mr. Brickajlik to recover the $3,350 paid on account of Mr. Brickajlik's loss, plus interest. This action resulted in verdict and judgment in favor of the insurance company.

■ The basis for Paxton's action was a claimed breach of the following provisions of the policy of insurance:

4. Insured's Duties in the Event of Occurrence, Claim or Suit:

.    .    .    .    .

(c) The Insured shall cooperate with the company and, upon the company's request, assist in making settlements, in the conduct of suits, and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the insured because of injury or damage with respect to which insurance is afforded under this policy; and the insured shall attend

hearings and trials and ,assist in securing and giving evidence and obtaining the attendance of witnesses. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of accident.

. . . . .

7. Subrogation: In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights.

Both lower courts correctly agreed that Mr. Brickajlik's refusal to sign the complaint constituted a breach of both the subrogation and cooperation clauses. Mr. Brickajlik's agreement to "execute and deliver instruments and papers and do whatever else is necessary to secure [the insurance company's subrogation] rights" comprehended his signature on a complaint in any subrogation action that might be brought in his name for the benefit of the insurance company. Moreover, the clear language of the cooperation clause, that "[t]he Insured shall cooperate with the company, and, upon the company's request, assist ... in the conduct of suits ...," contemplates the insured's affixing his signature to a complaint to commence an action to recover for losses under the policy.

The question then remains whether Mr. Brickajlik's breach was a material one. In *Conroy v. Commercial Cas. Ins. Co.*, 292 Pa. 219, 224, 140 A. 905, 907 (1928) we stated: "In contracts of this kind, to escape liability, the insurer must show that the breach is something more than a mere technical departure from the letter of the bond,—that it is a departure that results in a substantial prejudice and injury to its position in the matter...." Superior Court's reversal was based upon its conclusion that the insurance company failed to show that the breach was material or caused a loss, in view of the ability of the insurance company to

prosecute the action against the service station in its own name. We disagree.

Subrogation is the "equity called into existence for the purpose of enabling a party secondarily liable, but who has paid the debt, to reap the benefit of any securities which the creditor may hold against the principal debtor, and by the use of which the party paying may thus be made whole." *Forest Oil Co.'s Appeals*, 118 Pa. 138, 145, 12 A. 442, 443 (1888). By the strict rules of the common law, the right to subrogation could only be enforced in the name of the creditor, 73 AM.JUR.2d, Subrogation, § 139; however, in Pennsylvania we have long recognized the right of a subrogee to sue in either his own name or the name of the subrogor to recover monies paid. *Slack v. Kirk*, 67 Pa. 380, 385, 5 A. 438 (1871). Thus, the insurance company could properly assess its prospects for success and, in accordance with its assessment, elect to bring the third-party action in either its name or the name of its insured.

■ The general rule in Pennsylvania is that evidence of insurance is irrelevant and prejudicial and justifies grant of a mistrial. See, e.g., *Dively v. Penn-Pittsburgh Corp.*, 332 Pa. 65, 2 A.2d 831 (1938); *Hollis v. United States Glass Co.*, 220 Pa. 49, 69 A. 55 (1908). The reason is obvious: fact-finders should not be tempted to render decisions based upon the extraneous consideration that an insurance company will actually pay the bill. In view of the potential for prejudice to the insurance company if its presence were made known to the fact-finder, the insurance company properly elected to proceed against the third party in the name of its subrogor. As noted by the trial court, "[T]he insurance company's case would almost certainly be stronger if filed in the name of the insured." We cannot, consistent with the general policy of excluding evidence of insurance coverage, conclude that Mr. Brickajlik's refusal to sign the complaint, thus forcing the insurance company to proceed in its own name, was merely a technical breach. Thus, we hold that Mr. Brickajlik was reasonably requested to sign the complaint in the third-party action and his refusal

to do so constituted a material breach of the agreement justifying a return of the proceeds paid under the policy. For this reason the order of Superior Court, 342 Pa.Super. 621, 493 A.2d 764, is reversed.

Reversed.

PAPADAKOS, J., concurs in the result.