586 A.2d 1387

**James E. HUNSICKER, Jr., Appellant,**

**v.**

**Lillian P. BREARMAN and Clifford F. Brearman, Husband and Wife, and Allen Dailey, Appellees.**

Superior Court of Pennsylvania.

Argued Oct. 18, 1990.

Filed Feb. 20, 1991.

Yale F. Edeiken, Norristown, for appellant.

Joseph F. Leeson, Bethlehem, for appellees.

Before CAVANAUGH, DEL SOLE and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from an order entered in the Court of Common Pleas of Northampton County granting the appellees' (Lillian and Clifford Brearman) motion for summary judgment.

On April 19, 1986, the appellees (hereinafter "the Brearmans") were involved in an automobile accident with the appellant (hereinafter "Hunsicker"). As a result, an action in negligence was instituted by the Brearmans against Hunsicker. Hunsicker answered the Brearmans' complaint and included a counterclaim for property damage to his vehicle. On August 31, 1989, a Praecipe for Satisfaction and/or Termination was filed, indicating that the matter was settled, discontinued and ended with prejudice.

On September 15, 1988, Hunsicker brought suit against the Brearmans for personal injuries sustained as a result of the above accident. In December, 1989, the Brearmans moved for summary judgment, arguing that Hunsicker's failure to raise the issue of personal injuries in his previously filed counterclaim precluded him, under the doctrine of res judicata, from asserting the claim presently. The trial court agreed, granted the Brearmans' motion for summary judgment and dismissed Hunsicker's cause of action. This appeal followed. We affirm.

At the onset, we note our standard of review. As this Court recently stated in *Vargo v. Hunt*, 398 Pa.Super. 600, 581 A.2d 625 (1990)

A determination of whether the grant or denial of a motion for summary judgment is to be upheld requires an appellate court to decide whether the pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Overly v. Kass*, 382 Pa.Super. 108, 554 A.2d 970, 971 (1989); see also *Chiricos v. Forest Lake Council Boy Scouts of America*, 391 Pa.Super. 491, 571 A.2d 474, 475 (1990). In making such a finding, we must accept as true all properly pleaded facts, as well as all reasonable inferences which might be drawn therefrom. Furthermore, we shall not disturb the trial court's ruling unless there has been an error of law or a manifest abuse of discretion. *Overly v. Kass*, supra.

*Id.* See also *Bobb v. Kraybill*, 354 Pa.Super. 361, 364, 511 A.2d 1379, 1380 (1986). With these standards in mind, we now turn to Hunsicker's two questions on appeal.

Acknowledging that both the present action and the prior counterclaim were based on the same factual occurrence, Hunsicker asks whether the trial court erred in granting the Brearmans' motion for summary judgment where Hunsicker was not obligated under the Rules of Civil Procedure to raise the issue of personal injuries as a counterclaim previously. He further asks whether the trial court erred in granting the Brearmans' motion for summary judgment where they did not plead res judicata properly as an affirmative defense.[1]

Before we address Hunsicker's first issue on appeal, we must dispose of his second claim. Specifically, we reject Hunsicker's assertion that the affirmative defense of res judicata was not raised below. Conversely, we find that in

---

1. Hunsicker asserts that the Brearmans neither pleaded res judicata as an affirmative defense in their answer to Hunsicker's complaint nor moved to amend their answer to include it. Appellant's brief, at 4, 6, 9, 22–23.

the Brearmans' amended answer and new matter, filed of record October 2, 1989, they state:

> 30. That the said suit for the bodily injury and property damage claims which the Plaintiff, James E. Hunsicker, Jr., filed against Lillian Brearman being the same issues which is [sic] before the Lehigh County Court, and the said suit having been settled, discontinued and ended with prejudice on August 31, 1989, said discontinuance of said suit with prejudice of the counterclaim by James E. Hunsicker, Jr. is Res Judicata and the claim presently pending before this Court should be dismissed.

Amended Answer and New Matter, at 7. Moreover, the trial court considered the issue of res judicata on the merits and found the principle applicable to the instant situation. *See Martin v. Poole*, 232 Pa.Super. 263, 267–68 n. 2, 336 A.2d 363, 365–66 n. 2 (1975). *See* Pa.R.Civ.P. 1030. *See also Borough of Ridgway v. Pa. Pub. Util. Comm'n*, 83 Pa.Commw. 379, 390 n. 10, 480 A.2d 1253, 1259 n. 10 (1984) (if the court which addresses a matter on its merits is of competent jurisdiction, then res judicata bars future litigation if the requisites of the doctrine are fulfilled). Having determined that the claim of res judicata was preserved, and rightly considered by the trial court under the circumstances of this case, we will proceed to discuss Hunsicker's first contention on appeal.

 Hunsicker argues that "[w]hether a defendant in the first action is precluded from maintaining a second action as a plaintiff based on the same transaction will depend on whether the forum hearing the first action has a compulsory counterclaim rule." Appellants' brief, at 8. Under the Pennsylvania Rules of Civil Procedure, a defendant is not required to file a counterclaim; rather, the rule is permissive. Pa.R.Civ.P. 1031. Hunsicker argues that since he was not required to file a counterclaim asserting personal injuries in the first case, the instant suit is not precluded by res judicata. While this theory is creative, it does not account for the fact that Hunsicker *did* file a counterclaim in the first lawsuit. By electing to pursue his

own claims in that manner, Hunsicker cannot now file a separate complaint asserting a cause of action that he should have but neglected to advance originally. To condone this sort of legal maneuvering would be to ignore the purpose of the res judicata doctrine. *See Stevenson v. Silverman,* 417 Pa. 187, 191, 208 A.2d 786, 788 (1965) ("[t]he doctrine of res judicata is based on public policy and seeks to prevent an individual from being vexed twice for the same cause."); *Oak Lane Shopping Center, Inc. v. Flame,* 264 Pa.Super. 9, 13, 398 A.2d 721, 724 (1979) ("[t]he doctrine of res judicata refers to the effect of a judgment rendered in a prior case upon a subsequent cause of action."); *Sobol v. Will Allen Builders, Inc.,* 244 Pa.Super. 486, 368 A.2d 825 (1976) (same).[2]

Hunsicker relies on the case *Martin v. Poole,* 232 Pa.Super. 263, 336 A.2d 363 (1975) in support of his position that res judicata only applies when a plaintiff in the first action tries to initiate a subsequent action based on the same incident. He argues that the doctrine is inapposite when a

**2.** We also find the Pennsylvania Supreme Court's declaration in *Spinelli v. Maxwell,* 430 Pa. 478, 243 A.2d 425 (1968) to be instructive. In that case, the court reiterated:

When personal injuries to a person and damages to his property arise from the same cause and the same tortious act, the person who has sustained such personal injuries and property damage *must* seek recovery for both in a single action and, if separate actions are instituted for each category of damage and a judgment is rendered in one of such actions, the entry of such judgment has the effect of *res judicata* and bars recovery in the other action. Such is the view of a substantial majority of jurisdictions in the United States, and to this view Pennsylvania has long adhered.

*Id.,* 430 at 480–81, 243 A.2d at 427 (emphasis in original) (footnotes and citations omitted). Citing *Fields v. Philadelphia Rapid Transit Co.,* 273 Pa. 282, 117 A. 59 (1922) as support, the court later states

The *Fields* ruling is salutary: (a) it relieves defendants of subjection to more than one suit by the same person for a single tort; (b) it avoids a multiplicity of suits; (c) it provides a simple and direct method of determining all the claims of an individual arising from the same tortious act.

*Id.,* 430 at 481, 243 A.2d at 427. *See also id.* at 483, 243 A.2d at 428 (accord). *See Fields v. Phila. Rapid Transit Co.,* 273 Pa. 282, 117 A. 59 (1922) (discusses the subject of splitting a cause of action); *see Fitzpatrick v. Branoff,* 504 Pa. 169, 470 A.2d 521 (1983) (same); *Consolidation Coal Co. v. Dist. 5, United Mine Workers of Am.,* 336 Pa.Super. 354, 485 A.2d 1118 (1984) (same).

defendant in the first action attempts to seek relief by instituting suit as the plaintiff in the second action. While this may be true in certain contexts, we cannot adopt this rationale as applicable to the instant situation. Instead, we echo this Court's clear and consistent explanatory discussion in *Martin,* as follows.

> In Pennsylvania, unlike the federal system, there is no compulsory counterclaim rule. Rule 1046, Pa.R.Civ.P., provides that "[a] defendant [in a trespass action] *may* plead a counterclaim which arises from the same transaction or occurrence ... from which the plaintiff's cause of action arose." [Emphasis in opinion]. The effect of this rule is that "[t]he defendant who has a cause of action which arises from the same transaction or occurrence as that from which the plaintiff's cause of action arose may, *at his option, either,* plead his demand against the plaintiff by counterclaim *or* institute a separate action. *Whichever he chooses,* it should not affect either party's essential rights." [Citation and footnote omitted].
>
> It would appear that in Pennsylvania, where all trespass counterclaims are permissive rather than compulsory, the general rule should be applied that *"[w]here the defendant does not interpose a counterclaim* although he is entitled to do so, he is not precluded thereby from subsequently maintaining an action against the plaintiff on the cause of action which could have been set up as a counterclaim." Restatement, Judgments, § 58.

*Martin,* 232 Pa.Super. at 269–70, 336 A.2d at 366–67 (emphasis added).

As we have noted, Hunsicker chose to file a counterclaim in response to the Brearmans' original complaint. His counterclaim, which has since been marked "settled, discontinued and ended with prejudice," did not contain a demand for compensation for personal injuries caused by or arising out of the automobile accident. After review of the record and the applicable law, we conclude that Hunsicker is now precluded, under the doctrine of res judicata, from commencing a brand new suit in order to assert that which he

failed properly to pursue in his counterclaim. *See Harter v. Reliance Ins. Co.*, 386 Pa.Super. 14, 562 A.2d 330 (1989) (discusses the doctrine of res judicata); *Mitchell v. Randall*, 368 Pa.Super. 421, 534 A.2d 508, 509 (1987) (same); *see Bearoff v. Bearoff Bros., Inc.*, 458 Pa. 494, 327 A.2d 72 (1974) (same); *Carroll Township Auth. v. Mun. Auth.*, 102 Pa.Commw. 363, 518 A.2d 337 (1986) (same). *See Loomis Lake Ass'n by Hughes v. Smith*, 366 Pa.Super. 612, 531 A.2d 1152 (1987) (discusses res judicata relative to a counterclaim). *Cf.* Pa.R.Civ.P. 1020.

Finding that there exist no issues of material fact in this case and that the Brearmans are entitled to judgment as a matter of law, we affirm the trial court's order.

We take this opportunity to comment on the dissenting opinion. First, Judge Del Sole is concerned by the fact that neither of the parties made reference to the second action in the settlement and discontinuance of the first, even though both parties were cognizant that the second action was pending. He asserts that "[i]f the parties desired to have *the outcome* of the first action to also result in *a termination* of Mr. Hunsicker's claims for his personal injuries it is likely that this fact would be contained in the settlement and discontinuance of the first action." Dissent, Slip op. at 2 (emphasis added). While the dissenting writer's point is well-taken and in fact may be true, we do not find the parties' awareness dispositive of the issue before us.

We stress that this appeal is from the grant of a specific motion for summary judgment. In our analysis here, we must be concerned with how the present lawsuits were *instituted.* We are not in a position to evaluate whether the parties' intentions were effectuated when the first action was ended. To do so is to engage in 20/20 hindsight without the benefit of argument by those involved in this litigation. It is also to ignore the doctrine of res judicata, which principle forms the basis of this case. *See Bailey v. Harleysville Mutual Insurance Co.*, 341 Pa.Super. 420, 491 A.2d 888 (1985) (after a final, valid judgment on the merits by a court of competent jurisdiction, any future litigation

between the same parties on the same cause of action is barred because the cause of action has merged into the judgment); *Noetzel v. Glasgow, Inc.*, 338 Pa.Super. 458, 487 A.2d 1372 (1985) (accord). Furthermore, the Brearmans properly filed an Amended Answer and New Matter in the subsequent action, asserting res judicata.

■ Second, we are compelled to comment on the statement contained in the dissenting opinion, which reads, "... we should be mindful of the role played by insurance carriers in personal injury auto litigation." Dissent, Slip op. at 2. We see no reason to discuss the topic of insurance in this case.

While we recognize the various exceptions, *see, for ex., Beechwoods Flying Service, Inc. v. Al Hamilton Contracting Corp.*, 504 Pa. 618, 476 A.2d 350 (1984), "[t]he general rule in Pennsylvania is that evidence of insurance is irrelevant and prejudicial.... The reason is obvious; fact-finders should not be tempted to render decisions based upon the extraneous consideration that an insurance company will actually pay the bill." *Paxton National Ins. Co. v. Brickajlik*, 513 Pa. 627, 522 A.2d 531 (1987) (citations omitted). We are convinced that where a jury cannot consider liability insurance coverage, we as jurists should not justify a case under the rationale set forth by the dissenting writer. Especially here, where there are neither allegations nor evidence to support the dissenting writer's suppositions, we will not speculate whether Hunsicker's interests in the first action were those of his insurer or whether Hunsicker meant to relinquish his personal injury rights at the time the first action ended. Additionally, the resolution of these issues is irrelevant to the question before this Court. *See Martin v. Poole*, 232 Pa.Super. 263, 268, 336 A.2d 363, 366 (1975) ("[f]or res judicata to apply, there must be a concurrence of four conditions: (1) Identity in the thing sued upon or for; (2) Identity of the cause of action; (3) Identity of persons and parties to the action; and (4) Identity of the quality or capacity of the parties suing or being sued." (citation omitted)).

In conjunction with the above observation, we reiterate that nothing in the pleadings indicated that Hunsicker was represented by his insurance agent's attorney in the first action. However, even if the dissenting writer is correct and Hunsicker's counterclaim was a defensive one, we would still find the doctrine of res judicata to be applicable here.

Regardless of Hunsicker's intent and despite the fact that Hunsicker may have been represented by counsel for his insurance carrier in the first action, neither of these conditions negates his responsibility to bring all claims arising out of the same cause of action contemporaneously. Our concern in deciding this case was not with "the interest of the insurers" as the dissent suggests. Rather, it was with enforcing the law in light of the policy that the administration of justice will best be served by raising certain types of claims in one lawsuit. *See Lebeau v. Lebeau,* 258 Pa.Super. 519, 524, 393 A.2d 480, 482 (1978).

Order affirmed.

DEL SOLE, J., files a dissenting opinion.

DEL SOLE, Judge, dissenting:

Based upon the specific facts of this case, I cannot agree with the Majority's conclusion that Appellant's claim for personal injuries was properly dismissed in an award of Summary Judgment.

The Brearmans, Appellees, and Mr. Hunsicker, Appellant, were involved in an automobile accident. A negligence action was initially filed by the Brearmans in January 1987. An Answer and a New Matter was filed on behalf of Mr. Hunsicker, which included a counterclaim for property damage. In 1988, prior to the conclusion of this first action, Mr. Hunsicker brought a separate claim for personal injuries suffered as a result of the accident, to which the Brearmans responded with an Answer and New Matter. On August 31, 1989 the first action, including Mr. Hunsicker's counterclaim, · was marked settled, discontinued and ended with

prejudice. Shortly thereafter, on October 2, 1989, the Brearmans filed an amended Answer and New Matter in the second action, alleging that the settlement and discontinuance of the first action was res judicata to the claim which was presently pending and should result in a dismissal of the second action. A Motion for Summary Judgment was later filed, the grant of which forms the basis of this appeal.

The Majority's decision to affirm the award of summary judgment based upon the application of the doctrine of res judicata is particularly troubling in view of the fact that both parties were aware of the pendancy of the second action and apparently made no reference to it in the settlement and discontinuance of the first action. If the parties desired to have the outcome of the first action to also result in a termination of Mr. Hunsicker's claims for his personal injuries it is likely that this fact would be contained in the settlement and discontinuance of the first action.

In reaching the decision in this case, we should be mindful of the role played by insurance carriers in personal injury auto litigation. In reviewing the record in both cases, it is apparent that Mr. Hunsicker's defense in the first suit and representation in the second suit were undertaken by different counsel. This leads me to conclude that the strong probability exists that in the first action, the Appellant was being represented by counsel for his insurance carrier and that the property damage counterclaim, representing that carrier's subrogated collision payment, was a defensive counterclaim. If this is the case, it cannot be argued that Mr. Hunsicker meant to relinquish his personal injury rights at the time the first action was concluded. Under these circumstances, I would vacate the Judgment and remand this matter to the trial court for a determination of the true intent of the parties at the time of settlement of the first action. The interest of the insurers should not operate to defeat the personal rights of the individuals.

Because both lawsuits were pending at the time the first suit was settled and marked discontinued and it does not appear that the settlement attempted to encompass the parties rights or obligations under the second action, and because there exists the strong probability that Appellant's interest in the first action were those of his insurer, I believe it was inappropriate to enter an order of Summary Judgment in this case.