J-A24010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ILENE SCHWARTZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEBRA SPEYER | : | No. 2539 EDA 2018 |

Appeal from the Order Entered July 30, 2018
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  #2016-27328

BEFORE:   BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED JANUARY 06, 2020**

Ilene Schwartz (Ms. Schwartz), the plaintiff/appellant,[1] appeals *pro se* from the order entered on July 30, 2018, by the Court of Common Pleas of Montgomery County that sustained the preliminary objections filed by Debra Speyer (Ms. Speyer), the defendant/appellee, and dismissed Ms. Schwartz's complaint, which was an attempt by Ms. Schwartz to re-litigate a will contest involving her aunt's will that had concluded in 2007, when Ms. Schwartz filed a praecipe to withdraw her appeal from the probate of her aunt's estate.  We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Ms. Schwartz is the niece of the decedent, Katherine Winokur, who died in 1998, and whose will is again the subject of this appeal.

Initially, we note that Ms. Schwartz's brief does not contain a Statement of Questions Involved as required by Pa.R.A.P. 2116(a). The rule provides in pertinent part that:

> The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail. The statement will be deemed to include every subsidiary question fairly comprised therein. No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.

Pa.R.A.P. 2116(a). Based upon this error alone, we could conclude that Ms. Schwartz has waived any and all issues for review by this Court. **See Wirth v. Commonwealth**, 95 A.3d 822, 858 (Pa. 2014) (stating "[t]his rule is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby") (citation omitted). However, because Ms. Schwartz has itemized the four points she wishes to contest in the argument section of her brief, we choose not to quash this appeal for failure to include a Statement of Questions Involved.

Rather, we review this case in relation to the arguments she presents, and also conclude that the orphans' court correctly determined that Ms. Schwartz did not have standing and that her complaint was barred pursuant to the doctrines of *res judicata* and collateral estoppel. Having examined the certified record, the briefs submitted by the parties, the applicable law, and the thorough opinion authored by the Honorable Joseph A. Smyth, Senior Judge of the Court of Common Pleas of Montgomery County, dated March 5,

2019, we conclude that Judge Smyth's well-reasoned opinion accurately disposes of the arguments presented. Accordingly, we adopt Judge Smyth's opinion as our own and affirm the July 30, 2018 order on that basis.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/6/20

Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## Court of Common Pleas of Montgomery County—Civil Action

Ilene Schwartz, Plaintiff-Appellant

vs.

Debra Speyer, Defendant-Appellee

: No. 16-27328 (Pa. C.P. Montg. County July
: 30, 2018), *appeal docketed*, No. 2539 EDA
: 2018 (Pa. Super. Ct. Sept. 5, 2018)
:
:
:

### OPINION

Smyth, S.J.                                                        Mar/5, 2019

**Introduction:**

This case, delayed from the beginning, is a self-represented party's attempt to re-litigate her contest of her aunt's will against the executor after withdrawing an appeal in Orphan's Court in 2007 that did the same thing. The civil side of this Court dismissed Plaintiff's complaint on Defendant's "preliminary" objections, and Plaintiff pursued an appeal to the Superior Court of Pennsylvania, necessitating this opinion under the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(a).

**Case History:**

Plaintiff, niece of a decedent, instituted this action against Defendant, the decedent's executor (though these identities were not then knowable by the Court) in November 2016 by filing a writ of summons, which was served on the executor that December. The case lay dormant for approximately a year until November 21, 2017, when an attorney appeared for the executor and filed a praecipe to enter a rule upon the niece to file a complaint within twenty days under Pa.R.C.P. 1037(a). She did not comply until January 16, 2018.

The complaint reported that the decedent, Katherine Winokur, died in 1998 (twenty years before the filing of the complaint), and the executor, an attorney, who also held a power of attorney for the decedent during her lifetime, petitioned the Register of Wills for and received

1

letters testamentary to probate a will from 1993, which she had prepared. (Compl. paras. 3-4, 7.)

The decedent was a widow with no children whose intestate heirs were her nieces and nephews,

including Plaintiff. (Compl. para. 5.) Plaintiff did not attach a copy of the will to her complaint,

but Defendant did to her preliminary objections to it. The will states, inter alia,

> I direct that funds from my estate [alleged to amount to about $1,000,000]
> be placed in the "Abraham and Bessie Diperstein/Katherine Winokur Charitable
> Foundation" which my executor [(Defendant)] shall establish after my death, and
> which funds my executor shall administer and distribute to the charities that she
> sees fit to receive such funds.
>
> *Due to the poor treatment I have received by family members over the
> years, I have not bequest [sic] any property to any family member.*

(Prelim. Objs. Ex. B at 1 (emphasis added).)

After the executor had probated the will with the Register of Wills, in 1999 the niece

filed an appeal to the Orphan's Court under the Decedents, Estates and Fiduciaries Code, 20 Pa.

C.S. § 908, represented by attorneys from a firm prominently including one who now occupies

the Orphan's Court bench, Judge Murphy. In a motion to withdraw as counsel filed in the

Orphan's Court on January 31, 2007, Judge Murphy related how the niece had failed to respond

to a half dozen letters sent to her over a sixteen-month period in 2003/2004 concerning the

subject of the representation, and how she could no longer be reached at any of the work or home

telephone numbers she had provided, or they had been changed. Judge Ott of the Orphan's

Court scheduled a hearing on the motion to withdraw as counsel, but before the hearing was

held, on March 23, 2007, the decedent's niece, represented by the Murphy firm, voluntarily

withdrew the appeal from probate with prejudice (Prelim. Objs. Ex. C) and consented to

counsel's withdrawal. Judge Ott then canceled the hearing and dismissed counsel's motion to

withdraw as moot. On February 6, 2012, the executor filed with the Register of Wills a final

status report under the Pennsylvania Orphan's Court Rules, Pa. O.C.R. 6.12, 589 Pa. LXI (2006)

2

(current version at Pa. O.C.R. 10.6(b) (effective Sept. 1, 2016)), that administration of the estate was completed. *In re Estate of Winokur*, No. 1998-X3431 (Pa. Orphans' Ct. Montg. County Feb. 6, 2012).

Subsequently, in 2014, an outfit that apparently searches for lost estate assets contacted the niece about a supposed account of the decedent's in the amount of $59,000 in which the niece supposedly had an interest. (Compl. para. 15.) She entered into arrangements with the firm to pursue the asset; however, that effort bore no fruit, and the parties ended the relationship. (Compl. paras. 16-17.)

She then, in late 2016, filed and served on the executor the writ of summons in this case, and about a year later, after being prompted by the executor to do so and some further delay, filed a complaint in January 2018. The pro se complaint had counts for fraud, theft by deception, breach of fiduciary duty, unjust enrichment, and conversion in the executor's handling of the decedent's assets and estate.

On February 1, 2018, the executor timely filed and served preliminary objections under the Pennsylvania Rules of Civil Procedure, Pa.R.C.P. 1028. The preliminary objections argued 1) "lack of capacity to sue," Pa.R.C.P. 1028(a)(5), in that the niece as a non-beneficiary of her aunt's estate had no standing to sue the estate's executor; 2) the doctrines of collateral estoppel and res judicata barred the niece from re-litigating the validity of the will, after her previous petition challenging the will was withdrawn with prejudice in 2007; 3) "legal insufficiency of [the complaint] (demurrer)," Pa.R.C.P. 1028(a)(4), as to the niece's attempt to state a claim for fraud; 4) failure to state a valid cause of action for theft by deception; 5) legal insufficiency of the attempted claim of breach of fiduciary duty; 6) lack of any fiduciary duty owing to the niece from the executor; 7) legal insufficiency of the attempted claim of unjust enrichment; 6) legal

3

insufficiency of the attempted claim of conversion; 8) the complaint's demand for in excess of $1,000,000 plus continuing interest violated Pa.R.C.P. 1021(b) ("Any pleading demanding relief for unliquidated damages shall not claim any specific sum."); 9) the complaint's demand for attorneys' fees should be stricken as legally unsupported; 10) the complaint's demand for unspecified other relief should be stricken; 11) the complaint's demand for punitive damages should be stricken as unwarranted; and 12) allegations taken from the withdrawn appeal from probate (Compl. paras. 4-11) and asserting Defendant's alleged mistreatment of Plaintiff's aunt should be stricken as "scandalous or impertinent," Pa.R.C.P. 1028(a)(2).

On March 13, 2018, twenty days past the twenty-day period ordinarily provided to file a responsive pleading by Pa.R.C.P. 1026(a) ("[E]very pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading . . . .") (albeit the preliminary objections were not endorsed with a notice to plead under Pa.R.C.P. 1361), the niece moved for a sixty-day extension of time to respond to the preliminary objections. The executor answered the motion, and on March 23, 2018, Judge Silow of this Court granted an extension of sixty days from that date for the niece to respond to the preliminary objections. She filed her response late even under the extension, on May 29, 2018.

Meanwhile, the case passed the deadline to be placed in the Court's trial-readiness program under local rule, Montg. Co., Pa., R.C.P. *200(3)(b) ("If an outside-arbitration[-]limit case is not praeciped [sic] for [t]rial within 18 months of the date of filing or transfer of said action, the case will be scheduled by the Court for a Case Management Conference before the Court or its designee . . . ."). On June 5, 2018, Judge Rogers, Civil Administrative Judge of the Court, entered an order scheduling a case-management/settlement conference under Rule 200 for

4

July 31, 2018. On June 8, 2018, the executor filed a reply to the niece's response to the preliminary objections.

Upon review of the preliminary objections, response, and reply in the context of the complaint, the Court found most of the preliminary objections to have merit. On July 30, 2018, the Court entered an order sustaining the preliminary objections and dismissing the complaint.

Twenty-nine days later, on August 28, 2018, the niece filed what she captioned "Emergency Motion To Strike The Order Dismissing Complaint Entered By Judge Joseph Smyth On The Eve Of The Case Management Settlement Conference Due To An Actual Conflict Of Interest That Judge Smyth Possesses Against Plaintiff And Her Witness." The text of the "emergency" motion did not identify the source of the alleged conflict of interest the undersigned allegedly had with Plaintiff or her "witness" (allegedly, her son), but in any event, the motion did not immediately come to the attention of the undersigned because Plaintiff certified service of the motion only upon opposing counsel, not the undersigned, and she filed no cover sheet with the motion as required under local rule, Montg. Co., Pa., R.C.P. 208.3(b)(1), so no return date on the motion was set by the Court and it was never processed as a motion under that rule. The motion also complained of the undersigned having handled the preliminary objections when another judge of the Court was listed on the docket as the judge assigned to the case; however, since the start of 2016, this Court has had in place a program in which all preliminary objections are assigned to senior judges of the Court, *see* Montg. Co., Pa., R.C.P. 1028(c) cmt. 2 (effective Jan. 1, 2016), and the undersigned had ruled on the executor's preliminary objections in that capacity. At the time of doing so, the undersigned had no specific knowledge or recollection of Plaintiff's identity or of any potential conflict she alleged existed. In retrospect, even had the motion with its scanty description of an alleged conflict been properly and timely presented for

Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

5

disposition, the undersigned would have had no basis for undoing the ruling sustaining the preliminary objections and disqualifying himself from the case under the prevailing standard:

> A motion for disqualification or recusal is properly directed to and decided by the jurist whose participation is challenged. In disposing of a recusal request, a jurist must first make a conscientious determination of his or her ability to assess the case before the court in an impartial manner, free of personal bias or interest in the outcome. "This is a personal and unreviewable decision that only the jurist can make." Once satisfied with that self-examination, the jurist must then consider whether or not continued involvement in the case would tend to undermine public confidence in the judiciary.

*Commonwealth v. Travaglia*, 541 Pa. 108, 144, 661 A.2d 352, 370 (1995) (citations omitted) (quoting *Goodheart v. Casey*, 523 Pa. 188, 201, 565 A.2d 757, 764 (1989) (decision of three-justice supreme court))); *cf. McFarland v. Ethicon, Inc.*, No. 20 EM 2019 (Pa. Mar. 12, 2019) (denying emergency application for extraordinary relief and/or King's Bench jurisdiction and for stay based on trial judge's mother's pending lawsuit against separate subsidiary of party). The niece has not preserved for appeal any claim that the undersigned jurist should have disqualified himself from this case or, not having done so sua sponte, should have vacated the order sustaining preliminary objections and dismissing the action for any purported conflict, bias, or interest. *Cf.* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *Reilly ex rel. Reilly v. Se. Pa. Transp. Auth.*, 507 Pa. 204, 224, 489 A.2d 1291, 1301 (1985) ("The failure to preserve an issue [of disqualification of a trial judge] on appeal will be excused only when a strong public interest outweighs the need to protect the judicial system from improperly preserved issues.").

The niece took any consideration of her "emergency" motion (filed twenty-nine days after the order giving rise to the alleged emergency) off the table by filing this appeal to the Superior Court of Pennsylvania the next day, August 29, 2018, the thirtieth and final day to appeal under Pa.R.A.P. 903(a). *See* Pa.R.A.P. 1701(a) ("Except as otherwise prescribed by these

6

rules, after an appeal is taken . . . the trial court . . . may no longer proceed further in the matter."). As with the "emergency" motion, the niece failed to prove service of her appeal on the undersigned, thus violating Pa.R.A.P. 906(a)(2). (She served the notice of appeal only on opposing counsel, and not on any of the officials of the Court upon whom Pa.R.A.P. 906(a)(2)-(4) required service. The notice of appeal also failed to comply with Pa.R.A.P. 904(a) (requiring request for transcript or statement in absence of transcript of proceedings); the "emergency" motion made representations about what had transpired at the case management/settlement conference on July 31, 2018, although there is no indication whether that proceeding was recorded.) The Court did not become alerted to the appeal (or to the "emergency" motion) until receiving notice of the docketing of the appeal from the Superior Court on or after September 10, 2018, and then had to try to reconstruct the case from the Superior Court's notice back through entry of the July 30, 2018, order sustaining the executor's preliminary objections.

**Present Issues:**

Does a non-beneficiary have standing to challenge the actions of an executor of an estate in a civil action after proceedings in Orphan's Court have concluded? Do the proceedings in Orphan's Court in which the non-beneficiary raised the same claims work res judicata and collateral estoppel on her civil action?

**Discussion:**

Although the Court found merit to many of the executor's preliminary objections, including demurrers to the niece's discrete claims, we will confine our discussion to the "omnibus" objections, those that challenged the validity of the entirety of the complaint and warranted its dismissal: The niece lacked standing to sue the executor, and the collateral

7

United Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents. ... comprise ... the provisions of the Public Access Policy of the

estoppel/res judicata (issue/claim preclusion) effect of the proceeding in Orphan's Court barred this civil action.

Lack of standing is a proper preliminary objection under Pa.R.C.P. 1028(a)(5) ("Preliminary objections may be filed by any party to any pleading and are limited to the following grounds: . . . (5) lack of capacity to sue . . . ."). "Prior to judicial resolution of a dispute, an individual must as a threshold matter show that he has standing to bring the action. . . . [A] controversy is worthy of judicial review only if the individual initiating the legal action has been 'aggrieved.'" *Pittsburgh Palisades Park, LLC v. Commonwealth*, 585 Pa. 196, 203–04, 888 A.2d 655, 659 (2005) (quoting *In re Hickson*, 573 Pa. 127, 136, 821 A.2d 1238, 1243 (2003)).

> The keystone to standing in these terms is that the person must be negatively impacted in some real and direct fashion. If the individual "is not adversely affected in any way by the matter he seeks to challenge[, he] is not 'aggrieved' thereby and has no standing to obtain a judicial resolution of his challenge. In particular, it is not sufficient for the person claiming to be 'aggrieved' to assert the common interest of all citizens in procuring obedience to the law."

*Pittsburgh Palisades*, 585 Pa. at 204, 888 A.2d at 660 (quoting *Hickson,* 573 Pa. at 136, 821 A.2d at 1243).

All of the niece's claims in this case challenged the alleged actions or omissions of her deceased aunt's fiduciary--her attorney, power of attorney, and later executor--in the handling of the decedent's affairs and estate during her lifetime and after she died. Someone who is not the beneficiary of or who has no interest in an estate lacks standing to contest a fiduciary's handling of the estate. *See In re Kilpatrick's Estate*, 368 Pa. 399, 84 A.2d 339 (1951) (holding surviving husband had no standing as party interested in estate of deceased wife's first husband as would permit surviving husband to file petition for review of final account filed in first husband's estate and confirmed by court notwithstanding that successful prosecution of claim would result in

increase of first husband's estate and hence estate of deceased wife); *Oudry-Davis v. Findley*, 64 Pa. Super. 92 (1916) (holding one of decedent's two children had no right to maintain action at law to recover one-half of sum of money alleged to have been wrongly paid out by decedent's agent where plaintiff showed no title from decedent in latter's lifetime to any part of money sought to be recovered nor that it had been allotted to her since decedent's death under any family arrangement).

If the niece contended, as she did, that she had been improperly excluded from her aunt's estate by the will the executor had drafted and her actions and omissions in the handling of the estate and/or before that in the handling of the aunt's affairs as her attorney and power of attorney, the remedy was to seek to participate in the Orphan's Court proceedings to contest the matter. Having done so, and then having withdrawn the contest in 2007—nine years before instituting this action—the niece is not entitled to maintain an action against the executor on the civil side of the Court on the same subject. *Cf.* Decedents, Estates and Fiduciaries Code, 20 Pa. C.S. § 711 ("Except as provided in section 712 (relating to nonmandatory exercise of jurisdiction through the orphans' court division) and section 713 (relating to special provisions for Philadelphia County), the jurisdiction of the court of common pleas over the following shall be exercised through its orphans' court division: **(1) Decedents' estates.**--The administration and distribution of the real and personal property of decedents' estates . . . . **(2) Testamentary trusts.**--The administration and distribution of the real and personal property of testamentary trusts, and the reformation and setting aside of any such trusts, whether created before or after the effective date of this chapter . . . . **(12) Fiduciaries.**--The appointment, control, settlement of the accounts of, removal and discharge of, and allowance to and allocation of compensation among, all fiduciaries of estates and trusts, jurisdiction of which is exercised through the

Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

orphans' court division, except that the register shall continue to grant letters testamentary and of administration to personal representatives as heretofore. . . . **(17) Title to personal property.--** The adjudication of the title to personal property in the possession of the personal representative, or registered in the name of the decedent or his nominee, or alleged by the personal representative to have been in the possession of the decedent at the time of his death. (18) **Appeals and proceedings from registers.--**Appeals from and proceedings removed from registers. . . . **(22) Agents.--**All matters pertaining to the exercise of powers by agents acting under powers of attorney as provided . . . in Chapter 56 (relating to powers of attorney)."). The niece's memorandum of law in response to the preliminary objections cited no case law to support her opposition to the executor's argument that the niece lacked standing to maintain this civil action to challenge the executor's handling of the decedent's affairs and estate (Resp. Mem. Law 7-8) and this Court found none either.

> *Res judicata,* or claim preclusion, is a doctrine by which a former adjudication bars a later action on all or part of the claim which was the subject of the first action. Any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action. *Res judicata* applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action.

> Collateral estoppel, or issue preclusion, is a doctrine which prevents re-litigation of an issue in a later action, despite the fact that it is based on a cause of action different from the one previously litigated. The identical issue must have been necessary to final judgment on the merits, and the party against whom the plea is asserted must have been a party, or in privity with a party, to the prior action and must have had a full and fair opportunity to litigate the issue in question.

*Balent v. City of Wilkes-Barre,* 542 Pa. 555, 563–64, 669 A.2d 309, 313 (1995) (citations omitted); *cf. Hunsicker v. Brearman,* 402 Pa. Super. 347, 586 A.2d 1387 (1991) (holding motorist was precluded under doctrine of res judicata from commencing new suit in order to

United Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

assert claim for personal injuries against plaintiff motorists who had instituted negligence action against him where motorist filed counterclaim in action which did not demand compensation for personal injuries and he settled suit with plaintiff motorists resulting in his counterclaim being marked "settled, discontinued, and ended with prejudice," notwithstanding fact that motorist had instituted his new action prior to settling plaintiff motorists' action; motorist was not required to file counterclaim but once he did so he was required to assert all causes of actions he had against plaintiff motorists).

Ordinarily, res judicata and collateral estoppel are affirmative defenses that must be raised in an answer as new matter under Pa.R.C.P. 1032(a), and are not grounds for preliminary objection under Pa.R.C.P. 1028(a), "unless the complaint 'sets forth in detail, either directly or by reference, the facts and issues pleaded by the prior suit.'" *Weinar v. Lex*, 176 A.3d 907, 926 (Pa. Super. Ct. 2017) (quoting *Kiely v. J.A. Cunningham Equip., Inc.*, 387 Pa. 598, 601–02, 128 A.2d 759, 760 (1957)), *appeal denied,* 189 A.3d 994 (Pa. 2018). Here, the niece's civil complaint was nearly the same as the appeal she filed from probate under 20 Pa.C.S. § 908 (through Judge Murphy as counsel), but withdrew—and then attached as an exhibit to her civil complaint filed over nine years later. (Compl. Ex. D.) She withdrew the appeal with prejudice on March 23, 2007, the Orphans' Court dismissed her counsel's petition for leave to withdraw as moot in an order dated March 26, 2007, and on February 6, 2012, the executor filed with the Register of Wills a final status report of completed administration of the estate. The only significant addition to the civil action raises allegations about the asset allegedly discovered by the "claim bureau" that told the niece, after she withdrew her appeal and the estate was concluded, about an account of the estate in which she allegedly had an interest--before she terminated her relationship with that firm as well. Any such account belonging to the estate

11

would have been subject to the executor's administration at the time the niece's appeal was filed and later withdrawn, and rights to the account determined when the estate became finalized. On the face of the pleadings, including the exhibits attached to them containing the prior pleadings from the Orphan's Court proceedings, the Court could find, and did, that the niece's civil action against the executor was barred by issue/claim preclusion. *Cf. Gray v. PennyMac Corp.*, 2019 PA Super 7 (affirming dismissal of mortgagor's pro se action over mortgagee's changing of locks on premises as frivolous on defendant's motion under Pa.R.C.P. 233.1(a) ("Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that (1) the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and (2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.") where mortgagor had previously attempted to set off or otherwise avoid liability for defaulting on mortgage in related prior actions by mortgagee against mortgagor in foreclosure and by mortgagor against mortgagee to garnish rent and claims had already been resolved in prior court proceedings).

**Conclusion:**

"[The Superior] Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion." *Brosovic v. Nationwide Mut. Ins.*, 841 A.2d 1071, 1073 (Pa. Super. Ct. 2004) (affirming dismissal of suit on preliminary objections), *quoted in Cooper v. Frankford Health Care Sys., Inc.*, 960 A.2d 134, 144 (Pa. Super. Ct. 2008) (affirming dismissal of suit on preliminary objections).

> When the court has come to a conclusion by the exercise of its discretion, the party complaining of it on appeal has a heavy burden; it is not sufficient to persuade the appellate court that it might have reached a different conclusion if, in the first place, charged with the duty imposed on the court below; it is necessary

12

to go further and show an abuse of the discretionary power. "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias[,] or ill-will, as shown by the evidence or the record, discretion is abused."

*Paden v. Baker Concrete Constr., Inc.*, 540 Pa. 409, 412, 658 A.2d 341, 343 (1995) (quoting

*Mielcuszny v. Rosol*, 317 Pa. 91, 93–94, 176 A. 236, 237 (1934) (unanimous opinion)).

This lower Court respectfully suggests that it did not err at law or abuse its discretion in sustaining the executor's preliminary objections and dismissing the niece's civil action contesting the handling of her aunt's affairs and estate by the executor when the same claims raised in the action had been, or could have been, the subject of the niece's prior contest in Orphans' Court that she withdrew with prejudice, and the niece, a non-beneficiary in the estate, had no standing to pursue the executor again on the civil side of the Court. The Court respectfully asks that the honorable Superior Court affirm the decision sustaining preliminary objections and dismissing this action.

BY THE COURT:

_____ .S.J.

cc:  Ilene Schwartz
     Jeffrey B. McCarron, Esquire

13