## Antonetti v. Michael

*Gina R. Brownfield,* for plaintiff.
*Merrill M. Spahn Jr.,* for defendant.

HUMMER, *J.,* December 9, 1993—Before the court are Marie Antonetti, and Kenneth L. Michael Jr., on defendant's motion for post-trial relief. On October 8, 1991, plaintiff filed an action against defendant for support of her minor child, Alisa M. Antonetti, under the Pennsylvania Civil Procedural Support Law. Defendant denied paternity of the child and subsequently plaintiff filed a complaint to establish paternity. Both parties and the child submitted to blood tests which did not exclude the defendant, and cited a probability of paternity of 99.94 percent. This court found defendant to be the father of the child after a non-jury trial, held on August 12, 1993.

Defendant subsequently filed a motion for post-trial relief, alleging that the court erred in admitting the results of the genetic tests into evidence when plaintiff allegedly failed to establish a proper chain of custody.

### DISCUSSION

The court was provided with evidence of HLA and DNA genetic tests which are considered prima facie

evidence of paternity pursuant to 23 Pa.C.S. §4343(c)(2). Blood tests, which were given to both parties and the child, did not exclude the defendant, and cited a probability of paternity of 99.94 percent. The Pennsylvania statute states the necessary requirements needed in order for the court to admit the results into evidence:

"To ensure the integrity of the specimen and that the proper chain of custody has been maintained, the genetic tests of the biological mother, the child or children in question and the alleged father, should be conducted by an established genetic-testing laboratory in the course of its regularly conducted business activity, and certified records should be issued. The laboratory must be certified by either the American Association of Blood Banks or the American Association for Histocompatibility and Immunogenetics." 23 Pa.C.S. §4343 (c)(3).

In the case at issue, plaintiff produced certified records testified to by plaintiff's expert witness, Dr. Harris, that the blood samples in question were drawn by Carla Texter on July 28, 1992, in Lancaster, Pennsylvania. At that time, photographs of both parties and the child were taken, and each party's signature was witnessed.

In addition, plaintiff produced a certified document that Chris Jeffries, employed at Roche Biomedical Laboratories, received these samples on July 29, 1992. Dr. Harris further testified that upon receipt of the samples there was no evidence of tampering, and that the standard methods of collection, shipment and receipt were used.

Lastly, Dr. Harris testified that Roche is certified by the American Association of Blood Banks and that it is an established testing facility which performs parentage testing in the regular course of business.

In *Tyler v. King*, 344 Pa. Super. 78, 496 A.2d 16 (1985), the Superior Court stated that the intent and purpose of 42 Pa.C.S. §6134, the Uniform Act on Blood Tests to Determine Paternity, are as follows:

"First the legislature believed that admission of blood test evidence would be helpful in suits where paternity is an issue, because these tests permit scientifically reliable exclusion of a given man from the group of those who could be a certain child's father.... However, section 6134 seeks to protect putative fathers from adverse determinations based on blood test results not sufficiently reliable or adequately administered, and from the undue impression which 'expert' evidence can make on a trier's mind. *The Act's purpose is thus the same as the rule for expert testimony: to allow qualified 'opinion' testimony in order to explain to the trier a subject matter which is beyond the experience and comprehension of the ordinary layman.*" *Id.* at 86, 496 A.2d at 20. (citation omitted) (emphasis added)

The rule for expert testimony allows an expert to testify if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue. Pertinent evidence based on scientifically valid principles will satisfy those demands. See *Daubert v. Merrell Dow Pharmaceuticals Inc.*, 133 S.Ct. 2786 (1993).

42 Pa.C.S. §6134 permits a qualified expert from the same laboratory as the expert who independently reviewed and certified the results of the actual blood tests to provide the foundation to admit the test results into evidence.

Pennsylvania Superior Court has in two prior determinations held that adequate foundation was laid for the admission of a medical expert's testimony on HLA blood test results where the expert did not actually

conduct the blood tests which produced the results offered into evidence but had delegated the performance of these tests to qualified technicians under his supervision. See *Mitchell v. Randall,* 368 Pa. Super. 421, 534 A.2d 508 (1987); *Miller v. Kriner* 341 Pa. Super. 293, 491 A.2d 270 (1985).

The court finds that in the case at issue, Dr. Harris' testimony did provide sufficient foundation pursuant to the requirements of section 6134 and the aforementioned case law.

Therefore, based on the foregoing analysis, the court enters the following order:

## ORDER

And now, December 9, 1993, the defendant's motion for post-trial relief is denied and the defendant is directed to appear after notice at a support conference to establish an appropriate support order.