SCHOOL DISTRICT OF the CITY OF MONESSEN, Appellee,

v.

APOSTOLOU ASSOCIATES, INC., a Pennsylvania Corporation

v.

Landau Building Company, Appellee.

Appeal of Apostolou Associates.

Superior Court of Pennsylvania.

Submitted Aug. 7, 2000.
Filed Oct. 17, 2000.

Maurice A. Nernberg, Pittsburgh, for appellant.

R.A. King, Pittsburgh, for Landau Bldg. Co., appellee.

Harry J. Zimmer, Pittsburgh, for School Dist. of Monessen, appellee.

BEFORE: CAVANAUGH, POPOVICH, and OLSZEWSKI, JJ.

OLSZEWSKI, J.:

¶ 1 Apostolou Associates ("Apostolou") appeals the order adding it as a defendant and staying an arbitration proceeding. We affirm in part and quash in part.

¶ 2 In a contract dated February 7, 1994, the School District of the City of Monessen ("District") engaged Apostolou, a sole proprietorship owned by Paul C. Apostolou, to provide architectural services for the design of a building to house the District's Middle School and Senior High School. *See* Agreement Between Owner and Architect, 2/7/94 ("Contract"). The Contract provided, in relevant part, that

7.1.1 Any claim, dispute or other matter in question between the parties to this Agreement arising out of or related to this Agreement or breach thereof shall be submitted to non-binding mediation as a condition precedent to the commencement of any arbitration or other legal proceeding as hereinafter set forth;
. . .

7.1.2 Claims, disputes or other matters in question between the parties to this Agreement arising out of or related to this Agreement which involve amounts not more than $100,000 (exclusive of interest and costs) shall be subject to and decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect unless the parties mutually agree otherwise. All demands for arbitration and all answering statements thereto which include any monetary claim must contain a statement that the total sum or value in question does not exceed $100,000 and the arbitrator(s) shall not have jurisdiction, power or authority to render a monetary award against any party which exceeds such amount (exclusive of interest and costs). Claims, disputes or other matters in question between the parties to this Agreement arising out of or related to this Agreement or breach

thereof which involve amounts in excess of $100,000 (exclusive of interest and costs) may be subject to and be decided by arbitration only upon mutual agreement of the parties.

*Id.* Art. 7.1.1–7.1.2. The District incurred damages related to claims of contractors that worked on the school, allegedly caused by Apostolou's deficient performance under the Contract. As such, the District sought indemnification from Apostolou and, on May 5, 1998, notified Apostolou that it would not be making any further payments under the Contract. *See* Letter, 5/5/98. On July 24, 1998, Apostolou initiated mediation proceedings under Article 7.11 for $54,479, the amount due under the Contract. *See* Letter, 8/18/98, at 1; Letter, 7/24/98, at 1. On February 11, 1999, Apostolou terminated the mediation and, on April 5, 1999, filed a demand for arbitration. *See* Letter to Dona Taylor, Case Administrator, 2/11/99, at 1; Demand for Arbitration, 4/5/99. The Demand for Arbitration indicated that the claimant's firm name was "Apostolou Associates, inc." [sic]. Demand for Arbitration, 4/5/99.

¶ 3 On June 4, 1999, the District filed a complaint against "APOSTOLOU ASSOCIATES, INC., a Pennsylvania corporation," claiming over one million dollars in damages arising from Apostolou's alleged breach of the Contract. Complaint, 6/4/99. The District also requested that the American Arbitration Association end the arbitration because the dispute involved an amount greater than $100,000. *See* Letter, 7/7/99, at 1. The arbitrator, however, concluded that the two claims were not related, and, because Apostolou's claim was for less than $100,000, determined that it had jurisdiction to hear the matter under the Contract. *See* Letter, 7/19/99, at 1.

¶ 4 On August 13, 1999, the District filed a Motion for Stay of Arbitration, which the

court granted on August 25, 1999. *See* Order of Court, 8/25/99. The court also granted Apostolou leave to file a counterclaim within twenty days for the amount it claimed it was owed under the Contract. *See id.* On September 9, 1999, counsel for Paul C. Apostolou filed a Motion for Reconsideration claiming that the action was against "Apostolou Associates, inc." [sic], while the arbitration was against "Apostolou Associates." In an order dated September 20, 1999, the court clarified its August 25 order, noting that "the previous order applied only to Apostolou Associates, Inc., a corporation and did not apply to Apostolou Associates, a sole proprietorship, which is not a party to the present action." Order of Court, 9/20/99, at 1–2. In response, the District filed a motion to amend its complaint to add Apostolou as a defendant. *See* Motion for Leave of Court to Amend Complaint, 1/12/00. On January 12, 2000, the court granted this motion, as well as the District's Renewed Motion for Stay of Arbitration. *See* Trial Court Opinion, 1/12/00, at 1. This timely appeal followed.

¶ 5 On appeal, Apostolou raises two main issues for our review. It first argues that the trial court improperly stayed the arbitration proceeding. It further contends that the court improperly allowed the District to add it as a party.

■ ¶ 6 Initially we must address the District's motion to quash the appeal as interlocutory.[1] It first contends that our Supreme Court in *P. Agnes, Inc. v. Philadelphia Police Home Ass'n*, 439 Pa. 448, 266 A.2d 696 (1970) held that an order to stay an arbitration proceeding was interlocutory and thus unreviewable on appeal. The District's reading of *P. Agnes* is correct, but, as Apostolou points out, the Court decided that case before the legislature enacted the Uniform Arbitration Act, which provides that "[a]n appeal may be

---

1. In its response to the District's motion to quash, Apostolou requests attorney's fees but since it utterly fails to develop this argument we need not discuss it further. *See Common-* *wealth v. Irby,* 700 A.2d 463, 464 (Pa.Super.1997) (holding that "arguments which are not sufficiently developed are waived.")

taken from ... [a] court order granting an application to stay arbitration made under section 7304(b) [relating to court proceedings to compel or stay arbitration]." 42 Pa.C.S.A. § 7320(a)(2). Therefore, the propriety of the court's decision to stay the arbitration in the present matter is properly before us.

∎ ¶ 7 Appellant also contends that the order granting permission to add Apostolou as a defendant is interlocutory. We agree. In general, an order that does not dispose of all claims and all parties is interlocutory and not appealable as of right. *See* Pa.R.A.P. 341(b)(1). The court's order granting the District's motion to add Apostolou as a defendant does not resolve the underlying claims and does not put anyone out of court. *See Noll v. Paddock Pool Builders, Inc.*, 416 Pa.Super. 284, 611 A.2d 219, 220 (1992), *rev'd on other grounds*, 537 Pa. 274, 643 A.2d 81 (1994). Therefore, that portion of the order is interlocutory and we quash that part of the appeal.

∎ ¶ 8 We now address Apostolou's arguments regarding the stay of the arbitration proceedings. It first contends that, because the District did not move to vacate the arbitrator's "award" that it had jurisdiction to hear the dispute within thirty days as required by 42 Pa.C.S.A. § 7314(b), the District has waived any complaint it has regarding the arbitrator's decision. We disagree. We can find no authority for the proposition that a determination by an arbitrator that a matter is arbitrable is an "award" under section 7314(b). In each of the cases cited by Apostolou, the appellant had challenged the jurisdiction of the arbitrator *after* the arbitrator had made a final decision. *See, e.g., Lowther v. Roxborough Mem'l Hosp.*, 738 A.2d 480 (Pa.Super.1999), *appeal denied*, —— Pa. ——, 758 A.2d 1194, 2000 Pa. Lexis 1136 (May 9, 2000). Here, by contrast, the arbitration had not even begun; there was no "award" yet to be made. We hold that a determination that an arbitrator has jurisdiction over a matter is not an

"award" for purposes of section 7314 prior to the commencement of the arbitration itself.

¶ 9 Apostolou also argues that the District waived its objection to the arbitrability of the claim when it argued the issue with the arbitrator. It contends that, by submitting the issue to the arbitrator, it cannot now dispute that the arbitrator could resolve it. We disagree.

∎ ¶ 10 In *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995), the United States Supreme Court stated that "[c]ourts should not assume that the parties agreed to arbitrate unless there is 'clear and unmistakable' evidence that they did so." *Id.* at 944, 115 S.Ct. 1920 (quoting *AT & T Techs. v. Communications Workers of Am.*, 475 U.S. 643, 649, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986) (stating that parties may agree to arbitrate arbitrability)). The court further stated that

> merely arguing the arbitrability issue to an arbitrator does not indicate a clear willingness to arbitrate the issue, i.e., a willingness to be effectively bound by the arbitrator's decision on that point. To the contrary, insofar as the [appellants] were forcefully objecting to the arbitrators deciding their dispute with First Options, one would naturally think they did not want the arbitrators to have binding authority over them.

*Id.* at 946, 115 S.Ct. 1920. Similar reasoning is appropriate here. The only communications in the record between attorneys for the District and the Arbitration Association are letters in which the District expressed its position that the dispute was not subject to arbitration because the dispute was over $100,000. As such, the District did not waive its challenge to the arbitrability of the issue by communicating its position to the arbitrator.

∎ ¶ 11 Next, we turn to the appropriateness of the stay itself. The District argues that, because the two claims are closely related to each other, they should

be aggregated in determining the value in question for purposes of Article 7.1.2, thus not making the dispute arbitrable. Apostolou, by contrast, contends that its claim is separate from the District's, and it cannot be forced to bring a counterclaim for its resolution. Therefore, it claims, its claim is subject to arbitration under the Contract.

¶ 12 Contrary to the parties' assertions, the contract is silent as to this issue. In such cases, we must follow two principles: "(1) that arbitration agreements are to be strictly construed and that such agreements should not be extended by implication, and (2) that when the parties agree to arbitration in a clear and unmistakable manner, then every reasonable effort will be made to favor such agreements unless it can be said with positive assurance that covers the asserted dispute."

*Midomo Co. v. Presbyterian Hous. Dev. Co.*, 739 A.2d 180, 190 (Pa.Super.1999) (quoting *Emlenton Area Mun. Auth. v. Miles*, 378 Pa.Super. 303, 548 A.2d 623, 625 (1988)). There is no dispute that the parties agreed to arbitration in certain circumstances; the only dispute is whether all related claims must be aggregated to determine the value of the claims under Article 7.1.2.

¶ 13 To our knowledge, there are no reported Pennsylvania cases addressing this issue. In support of its position, the District cites several federal cases where, in determining whether diversity of citizenship exists, the amount of the main claim is aggregated with counterclaims. *See* Brief of Appellee at 14 (citing *Premier Indus. Corp. v. Texas Indus. Fastener Co.*, 450 F.2d 444, 447 (5th Cir.1971); *Liberty Mut. Ins. Co. v. Horton*, 275 F.2d 148, 152 (5th Cir.1960); *Home Life Ins. Co. v. Sipp*, 11 F.2d 474, 476 (3d Cir.1926)). While the Pennsylvania Rules of Civil Procedure do not provide for compulsory counterclaims, *see Hunsicker v. Brearman*, 402 Pa.Super. 347, 586 A.2d 1387, 1390 (1990), as the Federal Rules do, *see* Fed.R.Civ.P. 13(a) (requiring counterclaims for claims that "arise[ ] out of the transaction or occurrence that is the subject matter of the opposing party's claim."), we find the Federal approach persuasive. It would serve no purpose for the District to try this matter in the Court of Common Pleas and then be required to relitigate it once again in arbitration. In the interest of judicial economy, the judgment is affirmed.

¶ 14 The order staying the arbitration proceeding is affirmed. The District's motion to quash is granted in part and denied in part. Apostolou's request for attorney's fees is denied. Jurisdiction is relinquished.

¶ 15 POPOVICH, J., Concurs in the Result.