J-S66038-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| SOUTH HIGH DEVELOPMENT, L.P., GREGORY DEVELOPMENT AND MANAGEMENT, INC., AND CARLISLE HISTORIC TAX CREDIT FUND 1 LP, | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : | |
| v. | : : | |
| ESTATE OF JAMES A. MORGAN, MARGARET A. MORGAN, ADMINISTRATRIX, JAMES A. MORGAN, INC., DAVID J. MORGAN D/B/A MORGAN ASSOCIATES/ARCHITECTS, JAMES A. MORGAN D/B/A MORGAN ASSOCIATES/ARCHITECTS, DELATTRE CORP., CHARLES UHL, D/B/A HISTORIC PRESERVATION SERVICES, HISTORIC PRESERVATION SERVICES, INC., AND MORGAN ARCHITECTURE + DESIGN, LLC | : : : : : : : : : : : : : | No.  839 WDA 2015 |

Appeal from the Order Entered April 27, 2015,
in the Court of Common Pleas of Allegheny County,
Civil Division, at No(s): G.D. No. 14-015368

BEFORE:    OLSON, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED DECEMBER 02, 2015**

South High Development, L.P. (South High), Gregory Development and Management, Inc. (GDM), and Carlisle Historic Tax Credit Fund 1 LP (Carlisle) (collectively Appellants) appeal from an order that granted a motion to stay arbitration[1] filed by James A. Morgan, Inc. and James A.

---

[1] Such an order is immediately appealable. ***Sch. Dist. of City of Monessen v. Apostolou Associates, Inc.***, 761 A.2d 597, 599-600 (Pa. Super. 2000).

*Retired Senior Judge assigned to the Superior Court.

Morgan d/b/a Morgan Associates/Architects (Architects). We reverse and remand.

The trial court summarized the background underlying this matter as follows.

> This litigation arises out of the design and historic renovation of the former South Side High School in Pittsburgh, Pennsylvania. The South Side High School was originally built in 1897, with additions completed in 1923 and 1935. The South Side High School operated as such from 1897 until 2002. The complex is located in the South Side of the City of Pittsburgh in a Registered Historic District and is listed on the National Register of Historic Places.
>
> In 2008, [South High] acquired the South Side High School building. In 2008, [GDM], acting on behalf of South High, retained [Architects] to prepare preliminary drawings and specifications for conversion of the former high school. On June 29, 2009, South High entered into an [A]rchitect [A]greement with [Architects]. The project was intended to convert the historic high school building complex into no less [sic] than [72] apartment units (the parties differ as to whether the original plan encompassed 72 or 76 units).
>
> Due to the historic nature of the building, South High expected to receive Historic Tax Credits in order to finance the project. The Architect Agreement expressly stated, "[I]t is intended that the building will be altered in a manner that [South High] can receive Historic Tax Credits." In order to finance the project[,] South High sold its future Historic Tax Credits to Carlisle….
>
> At the completion of the project, Carlisle failed to receive the Historic Tax Credits. By letter dated May 15, 2013, the National Park Service denied [Appellants'] Part 3 Application and determined that the project was not eligible for the investment tax credits for historic preservation. The National Park Service specifically pointed out the "intrusive installation of the exposed HVAC ducts and other building systems throughout the building" did not meet the standards required to achieve a Historic

- 2 -

Preservation Certification of Completed Work. [Appellants] appealed the denial letter[,] but the National Park Service's certification denial was upheld on January 26, 2014.

[Appellants] assert that as a consequence of the denial in certification they have suffered costs associated with loan extension fees, the potential loss of tax investment credits[,] and additional design and construction costs to remediate design errors in the HVAC system.

South High and Carlisle pursued legal action against [Architects] through two distinctly different avenues, an AAA Arbitration, as well as a civil action in the Allegheny County Court of Common Pleas.

On August 29, 2014, South High and [Carlisle] filed a demand for arbitration against [Architects] with the American Arbitration Association. On April 14, 2015, [Appellants] filed a complaint in civil action against [Architects] and a host of other defendants.

Although the Architect Agreement contained an Arbitration Provision, [Architects] requested the [trial c]ourt to stay the arbitration due to the fact that Carlisle was not a party to the []Architect Agreement or its arbitration provision. [Architects] claim that it is Carlisle, not South High[,] that is the real party in interest as it relates to a claim for damages and that a civil action would include parties not included in the AAA Arbitration yet germane to the litigation. For instance, [Architects] assert[] that named defendant, Delattre Corporation, designed and constructed the HVAC systems under contracts with Gregory Coyle and/or New Belle Construction, or one of [Appellants] and that any liability is directly attributable to Delattre, if not then by and through indemnification.

\*\*\*

[On April 27, 2015, Architects filed in the trial court a motion to stay arbitration. Appellants] filed a brief in opposition to said motion with a cross-motion to stay the civil litigation pending conclusion of the arbitration process.

Trial Court Opinion, 7/6/2015, at 1-4 (unnecessary capitalization omitted).

On April 27, 2015, the trial court granted Architects' motion to stay arbitration. Appellants filed a motion for reconsideration, which the trial court denied. Appellants timely filed a notice of appeal. The trial court directed Appellants to comply with Pa.R.A.P. 1925(b), and Appellants filed a 1925(b) statement. The trial court later issued an opinion in compliance with Pa.R.A.P. 1925(a).

Appellants have raised several issues on appeal. However, we need to address only one of those issues, namely, whether Architects waived their right to stay the arbitration by participating in the arbitration process. As to this issue, Appellants contend as follows.

> Under Pennsylvania law, a party who fails to seek a stay of arbitration on the grounds that the issue is outside the scope of the arbitration agreement and proceeds to arbitration waives the objection. The trial court should have denied [Architects'] motion to stay arbitration because [Architects] waived any right to move for a stay of arbitration by participating in the AAA arbitration proceeding for more than [eight] months and particularly where a AAA hearing on the merits had already been definitively scheduled.

Appellants' Brief at 21 (citation, footnote, and unnecessary capitalization omitted).

Pennsylvania has a well-established policy of not allowing parties to sit on their right to assert an arbitration agreement. As this Court has explained,

> [a]lthough our Court has found that the mere filing of a complaint does not demonstrate waiver of the right to arbitration, a party that avails itself of the judicial process by

attempting to win favorable rulings from the judicial system following the filing of a complaint does waive [its] right to proceed through arbitration. Among the factors to look at in determining whether a party has accepted the judicial process are whether the party (1) fail[ed] to raise the issue of arbitration promptly, (2) engage[d] in discovery, (3) file[d] pretrial motions which do not raise the issue of arbitration, (4) wait[ed] for adverse rulings on pretrial motions before asserting arbitration, or (5) wait[ed] until the case is ready for trial before asserting arbitration.

*O'Donnell v. Hovnanian Enterprises, Inc.*, 29 A.3d 1183, 1187 (Pa. Super. 2011).

This policy is equally applicable to a party who has acted in a manner which indicates acceptance of the arbitration process. That is to say, if a party participates in the arbitration process and fails to present promptly a motion to stay arbitration, then that party waives the right to seek a stay of the arbitration proceedings in a court. *See White v. Concord Mut. Ins. Co.*, 442 A.2d 713, 717 (Pa. Super. 1982) (citations and quotation marks omitted) ("For although [t]he issue of whether [a] dispute is one that is covered by the terms of the arbitration agreement is one for the court to determine, a party that proceeds to arbitration without objecting that the matter at issue is outside the arbitration agreement waives that objection.") (citations omitted).

According to Appellants,

[Architects] fully participated in the AAA arbitration proceedings for more than [eight] months. In that [eight] months, [Architects] agreed on the appointment of an arbitrator, participated in a pre-hearing conference with the arbitrator,

- 5 -

agreed to schedule hearings for September 10-17, 2015, propounded discovery requests, produced thousands of pages of documents in response to discovery requests, served arbitration subpoenas on third-party witnesses and received documents as a result of those subpoenas.

Appellants' Brief at 5-6 (citations omitted).

Architects do not dispute Appellants' account of Architects' involvement in the arbitration proceedings. Instead, Architects primarily argue that they acted promptly in seeking a stay of the arbitration days after Appellants filed their complaint in the trial court. Architects' Brief at 17. Architects maintain that only after Appellants filed their complaint did it become clear that Carlisle was a third-party to the Architect Agreement. **Id.** Such an argument is patently absurd, as Carlisle's status as a third-party to the Architect Agreement was clear when South High and Architects signed the agreement.

By participating in the arbitration proceedings and failing to petition promptly for a stay of those proceedings, Architects waived their objection.[2]

---

[2] Architects also assert that "this Court has determined that an objection to subject matter jurisdiction cannot be waived." Architects' Brief at 17-18. While this proposition of law is accurate, Architects fail to explain its relevance to this case, as Architects did not seek to stay the arbitration on any grounds that qualify as a challenge to the arbitration panel's competency to determine a certain class of cases. **In re Admin. Order No. 1-MD-2003**, 936 A.2d 1, 5 (Pa. 2007) ("The test for whether a court has subject matter jurisdiction inquires into the competency of the court to determine controversies of the general class to which the case presented for consideration belongs."); **compare with Barnes v. McKellar**, 644 A.2d 770, 772-74 (Pa. Super. 1994) (concluding that, pursuant to 42 Pa.C.S. §7361(b)(1), an arbitration panel lacked subject matter jurisdiction to

- 6 -

For this reason, we reverse the trial court's order and remand for proceedings consistent with this memorandum.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 12/2/2015

---

render an award regarding title to real property and that the subject-matter-jurisdiction claim was not waived).